Battle, J.
 

 The act of 1844, chapter 36, entitled “ An act to consolidate and amend the acts heretofore passed on the subject of common schools,” provided, in the 8th section, for the election (in the several school districts into which each
 
 *100
 
 county was to be divided) of three men, who were to be entitled “ The School Committee.” The election was to take place in the last Saturday in September, in each and every year ; and the term of office of the committee was to commence on the first Monday in October, and to continue for one year, and until others were chosen. The Revised Code, which went into operation on the first day of January, 1856, in the 35th section of the 66th chapter, altered the time for the election of “The School Committee,” from the last Saturday in September, to the first Saturday in April, in each and every year, and directed that their term of office should commence on the first Monday in May following, and continue for one year, and until others were chosen. The consequence of this change was, that the offices of all “The School Committees,” who were elected in September, 1855, expired on the first Monday in May, 1856. This raises the question whether the contract made by the defendants, in the case before ns, with the plaintiff, in January, 1856, was binding upon them after their term of office had expired. We think that by a fair construction of the act, (Rev. Code, cli. 66,) it did not, and that, consequently, the plaintiff is not entitled t© recover in the present action.
 

 The 27th section of the act provides that the several County Courts, “ at the term held next after the last day of December in each year, shall appoint not more than ten, nor less than five superihtendants of common schools for their county, whose term of office shall begin on the third Monday of April succeeding their appointment, and continue for one year, and until others have been appointed and entered upon their office.” The section next succeeding, makes it the duty of the superintendants to meet on the day when their term of office commences, and elect one of their number chairman. We have already seen that “The School Committee” are to be elected on the first Saturday in April, and to enter upon the duties of their office on the first Monday of May following. The 36th section makes “ The School Committee” a corporation, with capacity to purchase and hold real and personal estate for school purposes; and to prosecute and defend all
 
 *101
 
 suits brought for, and against, the corporation. After providing in the 42 and 43 sections for the appointment, by the board of superintendants, of a committee of examination, and prescribing who may be teachers, the act, in the 44th section, declares that “ The School Committee shall contract with a suitable teacher for their district, for such time as the funds of the district will allow; and at the end of the term of his employment, he shall render to the committee the number and names of the children who have gone to his school, specifying the number of days each one went, and the studies taught; and on his rendering such statements, the committee shall pay him by giving an order on the chairman, and no committee-man shall be a teacher.” The 45th section prohibits the chairman of the board from paying any draft, in favor of a teacher, “ unless the same shall be accompanied with a report from the school committee, stating the name of the teacher in the district, the length of time for which the school may have been kept during the- current year, and the several branches taught; and the chairman shall not pay such drafts, “ unless the teacher exhibit- a regular certificate of mental and moral qualifications, from a majority of the committee of examination, dated within one year of that time.” Those provisions of the act satisfy us that the current year spoken of is the year commencing and ending with the official term of the school committee, and that the committee have no authority to employ a teacher for a period extending beyond the time when their office expires. Each school committee is to judge how long the funds of their district will allow for the employment of a teacher, and he is to make to them the report which the act requires. Each committee will then have the control of their own teacher, which teacher cannot be one of the committee, that is, of course, during the time for which the committee are to serve. Our conclusion, then, is, that as the contract, in the present case, was made by the plaintiff, with the school committee in their official, and not in their individual, capacity, it did not in law extend beyond
 
 *102
 
 their official term, and that the plaintiff ought to have retired when discharged by the subsequent committee.
 

 "We are inclined to think, too, that, if the plaintiff has a right of action at all against the defendants, ho has not adopted the proper remedy. If he be allowed to recover in the present action, he must make his recovery available by suing out an execution, and selling the property of the defendants, as a corporation. This property will consist, in nearly every case, of the school-house and the land on which it may be situated, together with such furniture and other articles as may be necessary for the purposes of the school. Surely the Legislature never contemplated any such result. The act provides in 46th section, that
 
 “
 
 no committee shall receive into their hands any of the funds set apart for common schools and we have seen that, by a previous section, the teacher shall be paid by an order from the committee on the chairman of the board of superintendants. If, then, at any time, the teacher have a legal claim on the committee for his services, and they refuse to give him an order on the chairman for the amount, he can have a full, complete and appropriate remedy by means of the \vrit of
 
 mandamus.
 
 It is true that the Court will not, ordinarily at least, interfere by
 
 mandamus
 
 where there is another specific legal remedy;”
 
 State
 
 v. Jones, 1 Ire. Rep. 134. But it may well be doubted whether, when the Legislature authorises one set of public officers to make contracts, and directs that the contractors shall be paid by another public officer, upon an order from the first, there can be any other specific legal remedy, than that afforded by means of this extraordinary writ.
 

 The judgment must be reversed, and a
 
 venwe de novo
 
 awarded.
 

 Per Curiam, Judgment reversed.