(47 App. Div. 133.)

PEOPLE ex rel. RAY v. HENRY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. OFFICERS—REMOVAL—CIVIL SERVICE RULES—APPLICATION.
    Const. art. 10, § 3, provides that, where the duration of any office is not provided for by the constitution or declared by law, it shall be held during the pleasure of the authority making the appointment. Laws 1896, c. 546, § 144, subd. 3, confers on the superintendent of the Hudson House of Refuge power to appoint and remove all subordinate female officers, subject to the approval of the board of managers. *Held*, in the absence of any provision of law fixing a definite term of office for the female general superintendent of such institution, the incumbent might be removed at the pleasure of the superintendent, subject only to the approval of the board of managers.

2. SAME.
    The rules of the civil service commission prohibiting the dismissal of public officers and employés, without cause, etc., do not apply to an office the duration of which is not provided for by law, since Const. art. 10, § 3, declares that such offices shall be held during the pleasure of the appointing authority.

Appeal from special term, Columbia county.

Application by the people, on relation of Delia Gaul Ray, for peremptory mandamus against Sarah E. Henry, as superintendent of the Hudson House of Refuge for Women, to compel relator's rein-

statement as general superintendent of such institution. From an order granting the writ, defendant appeals. Reversed.

The relator formerly held the position of general superintendent of the House of Refuge for Women at Hudson, N. Y. The defendant was at that time, and is now, the superintendent of such institution. On or about the 3d day of August, 1899, the board of managers of said House of Refuge made written charges against the relator, and a copy of them was served upon her, and on the 7th day of August a copy of such charges was filed with the civil service commission. Thereafter, and on the 10th day of August, a copy of these charges was delivered to the defendant by the president of the board of managers. On the 5th day of August the relator served upon said board of managers an answer, in writing, to such charges, which answer was delivered to the defendant on the 10th day of August. On the 10th day of August, 1899, the defendant removed the relator from her office of general superintendent. and notice in writing of such removal was served upon her personally. On the same day a resolution was duly adopted by the board of managers of such House of Refuge, approving and ratifying the action of the defendant in removing the relator. A copy of such resolution was served upon the relator with the notice of removal. Thereafter the relator served upon the defendant a written demand that she forthwith reinstate the relator in the office of general superintendent of such House of Refuge. The defendant refused to comply with such demand, whereupon the relator made application for a writ of peremptory mandamus to compel the defendant to reinstate her in such position, and from the order granting such writ of peremptory mandamus this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

John C. Davies, Atty. Gen. (John H. Coyne, Dep. Atty. Gen., of counsel), for appellant.

Allen W. Corwin (J. Rider Cady, of counsel), for respondent.

HERRICK, J. The relator contends that she has been removed from the office of general superintendent of the House of Refuge for Women at Hudson, N. Y., in violation of the civil service laws and the rules and regulations of the civil service commission, and for that reason seeks a reinstatement. In the view that I have taken of this case, it is of no consequence whether the rules promulgated by the state civil service commission in terms apply to the relator's case or not, and I therefore decline to discuss that question. There is no fixed or definite term of office for a general superintendent of the House of Refuge for Women at Hudson. or for any other officer or employé of that institution, so far as I can discover from an examination of the statutes of the state. The legislature has conferred upon the superintendent of that institution power to appoint and remove all subordinate female officers and employés, subject to the approval of the board. Laws 1896, c. 546, § 144, subd. 3. The relator was a subordinate female officer or employé of that institution. Section 3 of article 10 of the constitution of the state reads as follows:

"When the duration of any office is not provided for by this constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

It may be that a law making the term of office to last during good behavior, as is frequently done, would be a compliance with this

·section of the constitution. But neither the statute in relation to the House of Refuge for Women at Hudson, the civil service law, nor any law of the state that I have been able to find, fixes any such tenure of office to persons occupying the position formerly held by the relator. Indeed, the law in relation to subordinate female officers and employés of the House of Refuge for Women at Hudson makes the term of such officers and employés dependent upon the will and pleasure of the general superintendent, subject to the approval of the board of managers, thus negativing the idea of any fixed tenure of office of such female subordinate officers or employés; and, in the absence of any law declaring the duration of such term of office, it is, in the words of the constitution, to "be held during the pleasure of the authority making the appointment." The authority in this case was the defendant, the superintendent of said House of Refuge. Assuming that the rules promulgated by the civil service commission are, in their terms, applicable to persons holding positions like those of the relator, it must be obvious that such rules cannot in any way limit or restrain the power conferred by the constitution. To hold otherwise would be to deprive the appointing authority of the power expressly conferred upon it by the section of the constitution I have cited. It therefore becomes of no consequence whether the rules of the civil service commission were complied with or not. The defendant could have removed the relator without any charges, without assigning any cause, and without giving notice to any person except the relator herself, because, no duration being fixed for such office by the law, she held her position only during the defendant's pleasure; and, when the defendant signified her pleasure that the relator's occupancy should cease, that ended her right to hold it.

The order appealed from should therefore be reversed, with $10 costs and disbursements of this appeal, and the motion for the writ of peremptory mandamus denied. All concur.