# Touart *v.* State *ex rel.* Callaghan.

## *Quo Warranto.*

(Decided June 29, 1911. 56 South. 211.)

1. *Officers; Creation and Abolition.*—The legislature may abolish any office that it can create, and the abolition of such office terminates the right of the incumbent to exercise the rights and duties thereof.

2. *Same; Removal; Term Fixed by Appointing Power.*—Where the appointing power is given the right to fix the term during which a officer is to hold office, the officer's right to his office terminates at the end of the will of the appointing power, by which he may be

[Touart v. State ex rel. Callaghan.]

removed at pleasure unless the act authorizing his appointment provides otherwise.

3. *Same; Special Provisions; Right to Notice and Hearing.*—Where a statute provides for the removal of an officer for cause, it contemplates notice of the charge and a judicial hearing of some character to determine whether cause for removal exists, and whether such officer can be removed, but a removal under section 2238, Code 1907, requires neither a notice nor a hearing.

4. *Same; Issuance of Commission to a Successor.*—Where the approval of the governor is required for the removal of a officer, his commission issued to another appointing him to that office is an approval of the removal.

5. *Same; Tenure; Evidence*—In a quo warranto proceeding to be admitted to an office of which another retains possession under claim of right, it is not necessary for the relator to introduce any other proof of his right to the office than his commission from the proper authority to that effect. (Section 5462, Code 1907.)

6. *Counties; Officers; Removal.*—Under Section 175, Constitution 1901, a county officer who has been elected or appointed to fill a fixed term cannot be removed from office during that term except by impeachment for cause enumerated in Section 173, Constitution 1901, in which proceeding he has the right of jury trial and appeal.

7. *Same; County Officer.*—A county tax commissioner is a county officer who may be removed under Section 175, Constitution 1901, by impeachment for cause specified in Section 173, Constitution 1901, but the section is not limited to county offices created or even mentioned in the Constitution, nor is it limited to those county officers who are elected by the people or the legislature, but extends as well as to those who are appointed. The provisions are for the protection of county officers from removal, except as authorized, during the term for which they were appointed or elected, and was not intended to apply to those county officers, the terms of whose incumbency is fixed or determined by the appointing power.

8. *Same; Removal.*—Construing Acts 1907, p. 425, and section 2238, Code 1907, it is held that the respondent was appointed for a term to be at the will of the governor, or appointing power, and that under section 2238, his removal by the governor with or without cause terminated his right to the office.

9. *Officers; Tenure; Removal.*—The power to appoint an officer carries with it as an incident, the right to remove such officer, in the absence of constitutional or statutory restraint.

10. *Quo Warranto; Relief; Judgment.*—Under section 5462, Code 1907, the judgement in a quo warranto proceeding may be rendered adjudging the relator entitled to the office as against the person continuing in occupancy, under a former appointment, where the relator appointed to office is found to be entitled thereto.

11. *Evidence; Judicial Notice; Appointment in Terms of Officers.*—Courts take judicial notice of the commissioned officers of the state and of the terms for which they hold and the extent of their authority.

12. *Same; Signatures.*—Courts will take judicial notice of the genuineness of the signature of the commissioned officers of the state.

[Touart v. State ex rel. Callaghan.]

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Quo warranto by the State on the relation of D. J. Callaghan, against Stephen Touart, to oust him from the office of Tax Commissioner of Mobile county. Judgment for relator, and respondent appeals. Affirmed.

BOYLES & KOHN, and TISDALE J. TOUART, for appellant. Section 2238, Code 1907, is violative of section 175, Constitution 1901.—*Nolan v. State ex rel. Moore,* 118 Ala. 154; *Hawkins v. Roberts,* 122 Ala. 130. If said section of the Code is constitutional, the governor must accord appellant a hearing before removing him. —29 Cyc. 1409, and authorities cited in paragraph D. The term of the office of the appellant is for a definite number of years.—Section 2236, Code 1907; *State ex rel. Yancey, v. Hyde,* 22 N. E. 644; *State v. Pearcy,* 44 Mo. 159; Mecham on Public Offices, sec 391. If his term was not for a definite term of years, then the officer holds until he is properly and legally removed under the law.—3 Ill. 79; 7 Neb. 42; Secs. 2210-2267, Code 1907. It was proper to appoint appellant at the time the appointment was made.—*Oberhaus v. State ex rel.* 55 South. 898; 23 A. & E. Enc. of Law, 347; *State v. O'Reilly,* 66 N. W. 264. The court cannot award the office of tax commissioner to relator without proof that the relator is entitled thereto.—10 Enc. of Evi. 456; 32 Cyc. 1464-5; 4 Wis. 567; 14 Am. Rep. 312.

ROACH & CHAMBERLAIN, FITTS, LEIGH & RICKARBY, and GREGORY L. & H. T. SMITH, for appellee. Where the term is not fixed by law, the officer is regarded as holding at the will of the appointing power, as the power to remove is incident to the power to appoint.— 29 Cyc. 1396; *Ex parte Hennen,* 13 Peters 256; *State ex*

*rel. Hawes v. Darrows,* 73 N. W. 704; *Hard v. The State,* 79 N. E. 916. One appointed in the middle of a term because of a vacancy is not appointed for a longer term than the unexpired term.—29 Cyc. 1398; 108 Ky. 374; 100 Ky. 66; 99 Mo. 361; 86 Ark. 555. Sec. 2238, Code 1907, is not unconstitutional.—*Gray v. McLendon,* 67 S. E. 859. Appellant was not entitled to notice before removal.—29 Cyc. 1409; *Gray v. McLendon, supra;* 92 N. Y. 191; Mecham on Public Offices, sec. 454. The court had the power on determining that relator was entitled to the office to oust appellant, and render a judgment, putting relator in, upon proof of his commission, as the courts take judicial notice of the commissioned officers of the state, and the genuineness of their signature.—*Ryan v. Young,* 147 Ala. 660; *State ex rel. Foster,* 130 Ala. 154.

MAYFIELD, J.—This is a quo warranto proceeding, or one in the nature thereof, under chapter 128 of the Code of 1907. It is instituted to determine the right to exercise the duties and receive the emoluments of the office of county tax commissioner for Mobile county. The proceeding was instituted in the name of the state, on the relation of D. J. Callaghan, who claims to be entitled to exercise the duties and discharge the functions, and to receive the emoluments of said office; and was brought against Stephen Touart, appellant here, who was at that time, and had been, for a number of years, discharging the duties and receiving the emoluments of the office, under and by virtue of a commission, issued to him by the Governor of the State of Alabama on December 29, 1908, for the term commencing at the expiration of the term of his predecessor in office, H. M. Friend, which was on the first Monday in January, 1909.

[Touart v. State ex rel. Callaghan.]

The petition of the relator alleged that he was appointed to the office alleged to be usurped by the respondent, on the 16th of March, 1911, and that he gave bond, qualified, and was duly commissioned by the Governor of Alabama to discharge the duties of the office; that thereafter he made demand upon the respondent to be admitted to the office to which he had been appointed, which demand was refused and denied him by the respondent; that subsequently thereto, to wit, on April 12, 1911, the Governor of Alabama removed the respondent, Touart, and on April 26, 1911, the relator, Callaghan, was again appointed and recommissioned to the office of county tax commissioner for Mobile county, whereupon he again demanded the office of the respondent, and his demand was by the respondent again refused and denied. The petition then prayed that the respondent be declared not entitled to discharge the duties of said office, and that he be removed therefrom, and that the relator be declared entitled and admitted thereto.

The respondent demurred to this petition, assigning numerous grounds, among which may be mentioned the following: That the relator was not qualified to discharge the duties of the office; that the petition failed to set forth any facts showing or tending to show that the respondent was not qualified, or that he was not entitled to discharge the duties of the office, and that it wholly failed to show that the respondent was holding the office unlawfully, or that he was usurping the functions of such office; that it failed to show that the term to which the respondent was appointed or elected had expired, or in what manner or by what means the respondent had been rendered unfit or ineligible to discharge the duties of the office; that it failed to show that there was a vacancy in the office when the relator was

appointed, and failed to show the beginning, duration, or ending of the term or terms to which the relator or respondent was respectively appointed or elected; that the petition showed that the attempted removal of the respondent by the Governor of Alabama was void and of no effect, for the reason that section 2238 of the Code of Alabama, under and by virtue of which the governor acted in attempting to remove the respondent, was in violation of section 175 of the Constitution of the state of Alabama of 1901, which prescribes a limitation upon the grounds for and modes of removing county officers, and limits the same to impeachment proceedings in the manner provided by law; that the petition also showed that the removal of the respondent was void. These demurrers being overruled, the respondent answered the petition or complaint by setting forth the facts as to the appointment of the respondent to the office, that his term had not expired at the time the relator was appointed, and claiming that the respondent was rightfully entitled to the office. To this answer the relator demurred, the demurrer being sustained by the court. The respondent declined to plead further, whereupon the court rendered judgment ousting the respondent from the office and awarding it to the relator; and from that judgment this appeal is prosecuted.

There are six propositions which the appellant insists upon on this appeal, and which, he says, render the decree of the lower court erroneous and prejudicial to the rights of the appellant. The first of these is that section 2238 of the Code, authorizing the governor to remove tax commissioners, is unconstitutional and void; the second is that if the statute be valid, the tax commissioner is entitled to notice and a hearing before he is removed; and the third and fourth ask whether the term of the appellant is for a definite time, and, if not, for

what term he holds; the fifth questions the validity of the appointment of relator, on the ground that it was made prior to the expiration of the term of his predecessor; and the sixth, whether the court can award the office to the relator without proof that he is entitled thereto—that is, upon the mere petition and answer.

The first insistence is that section 2238 of the Code is unconstitutional and void because in violation of section 175 of the Constitution of 1901, providing that certain officers mentioned, and "all other county officers," may be removed from office for any causes specified in section 173 of the Constitution, under such regulations as may be prescribed by law, provided the rights of trial by jury, and of appeal, in such cases, shall be preserved.

Section 2238 of the Code, which is claimed to be unconstitutional, provides "that any county tax commissioner may be removed by the governor at his discretion, or by the State tax commissioner, with the approval of the governor, for any inefficiency or malfeasance in office; and of the sufficiency of the ground or cause of removal, the Governor shall be the sole judge." It thus appears that this section of the Code attempts to confer upon the Governor power to remove county tax commissioners at his discretion and without notice or trial. We think there can be no doubt that this intention is clearly expressed in this section of the Code, whether construed alone or as a part of the original act of the Legislature, of which it formed a part, or of that chapter and article of the Code in which it now finds its place.

It was ruled by this court in the case of *Nolan v. State*, 118 Ala. 154, 24 South. 251, that a statute which authorized the Governor to suspend tax assessors and to appoint commissioners to perform the duties of the former, was unconstitutional and void, because in vio-

lation of section 3 of article 7 of the Constitution of 1875, which, for all purposes necessary to a decision on this appeal, is identical with section 175 of the present Constitution.

In the case of *Hawkins v. Roberts,* 122 Ala. 130, 27 South. 327, the doctrine announced in *Nolen's Case* was reaffirmed; but it was held in that case that neither the provision of the Constitution under consideration, nor the principles announced in Nolen's Case, would prevent the Legislature from abolishing certain offices which were not constitutional and which, therefore, it had the right to create and to abolish; that the Legislature having the right to abolish the office which it created, this abolition necessarily carried with it the term of the incumbent officer. There being no office, of course there could be no term of office, and there being no term of office, the incumbent at the time of the abolition of the office of necessity could not continue, or be continued, in office.

In other words, that case and a number of others of this state have decided that the Legislature may abolish an office which it is authorized to create, and that the abolition of such office terminates the right of the incumbent to exercise the rights and duties thereof.

It therefore follows that if a county tax commissioner is county officer, and he has been appointed or elected to fill a definite and fixed term, his removal from office during the term to which he was appointed or elected— except for the causes enumerated in section 173 of the Constitution, and by the method of impeachment—is inhibited by the Constitution; and that, in the impeachment proceeding provided, he has the rights of jury trial, and appeal, as guaranteed by section 175 of the Constitution.

We feel no hesitancy in deciding that a county tax commissioner is a county officer within the meaning of section 175 of the Constitution. See Words & Phrases, vol. 2, under subject, "County Officers."

It is clear from the decisions in the Nolen and Roberts Cases that this section of the Constitution is not limited to county officers created or even mentioned in the Constitution; nor do we think that the section is limited to those county officers that are elected by vote of the people or by the Legislature, but that it extends to those who are appointed, as well.

It is, however, likewise clear and certain that the provision is intended to protect county officers from removal, except in the manner authorized, during the term of office to which they are appointed or elected. It was not intended to apply to those officers, though county officers, the terms of whose incumbency is to be fixed or determined by the appointing power.

If the appointing power is given the right to fix the term during which the appointee is to hold office, then, of course, the right of appointee terminates at the end of the will of the appointing power; that is, the appointing power can remove him at pleasure, unless the act or statute authorizing his appointment provides otherwise.

It is certain that the statute here in question intended that the Governor might appoint and remove county tax commissioners at his pleasure, with or without cause. We think the section in question is incapable of any other construction.

It has been uniformly ruled that the power to appoint an officer carries with it, as an incident, in the absence of constitutional or statutory restraint, the right to remove the appointee. *Taylor v. Kercheval* (C. C.) 82 Fed. 47; *Davis v. Filler*, 47 W. Va. 413, 35 S. E. 6; *Cam-*

*eron v. Parker,* 2 Okl. 277, 38 Pac. 14; *Sponogle v. Curnow,* 136 Cal. 580, 69 Pac. 255.

While it is very true that the power to oust an officer rightfully in office is essentially a judicial one, yet this rule does not apply, unless made applicable by constitutional or statutory provisions, where it is exercised by the appointive power. *Knox v. Johnson,* 124 Ind. 145, 24 N. E. 148, 7 L. R. A. 684, 19 Am. St. Rep. 88.

It was held by the Supreme Court of Louisiana, in the case of *Peters v. Bell,* 51 La. Ann. 1621, South. 442, that the power of appointment carries with it the power of removal, where the appointment is not made for a specified term.

It was ruled by the Supreme Court of Michigan, in the case of *Dullam v. Willson,* 53 Mich. 392, 19 N. W. 112, 51 Am. Rep. 128, that where the Governor is invested with the power to remove officers, he has the right to determine whether or not there exist the grounds specified by Constitution or statute as a cause for removal.

It was ruled by the Supreme Court of Minnesota, that when the law fixes no tenure of office, and even where no provision is made for the removal of the incumbent, the power of removal is a necessary incident of the power of appointment. *Parish v. City of St. Paul,* 84 Minn. 426, 87 N. W. 1124, 87 Am. St. Rep. 374.

It was ruled by the Supreme Court of Missouri that an officer who was appointed for a full term fixed by law, and who held over, after serving his term, was subject to summary removal at the pleasure of the appointing power. *Rife v. Hawes,* 177 Mo. 360, 76 S. W. 653.

It was held by the Supreme Court of New York that when the duration of an office is not provided by law, it should be held during the pleasure of the appointing power, where such authority is conferred in general

terms without restriction; that the power to remove at pleasure impliedly exists unless restricted by law. *People ex rel. Fleming v. Dalton,* 158 N. Y. 175, 52 N. E. 1113, reversing 34 App. Div. 627, 54 N. Y. Supp. 1112; *People ex rel. Ray v. Henry,* 47 App. Div. 133, 62 N. Y. Supp. 102.

It was ruled by the Supreme Court of North Carolina, in the case of *Greene v. Owen,* 125 N. C. 212, 34 S. E. 424, that the power to create vacancies in public offices rests in the absence of express provisions to the contrary, in the body possessing the original power of appointment.

The office of county tax commissioner was first created in this state by the Acts of 1898-99, p. 195. Under this statute the office was clearly made a county office, and the term of incumbency definitely fixed at four years.

On March 7, 1907 (Acts 1907, pp. 425-438), the entire subject of state and county tax commissions was revised by a single and complete enactment. This of course took the place of, and therefore repealed, all of the prior acts upon that subject, in so far as they were in conflict therewith. This last act provided for a commission to be known as the State Tax Commission, and that it should consist of three members. It expressly abolished the office of State Tax Commissioner created and provided by the former act, but recognized and provided for the office of county tax commissioner, regulated the manner of his appointment, and specified his duties. This act of 1907, however, expressly provided that the then county tax commissioners should be continued in office for the term for which they were appointed, unless sooner removed in the manner provided by the act. It must be observed, however, that this last act, while continuing the then incumbents of the offices of county tax

commissioners for the term appointed, did not provide any term of office for their successors, nor fix any definite period for which any of their successors should hold office. It clearly appears from this act that it was not the intention of the lawmakers to fix any definite term for which subsequent appointees should hold office; but that it was intended that, under the new system and at the expiration of the terms of the incumbents, appointees should hold office at the pleasure of the governor and of the State Tax Commission. But whether it was so intended by the Legislature or not, this change of the statute was necessary, in order to make effective that provision of the law which authorized the governor to remove county tax commissioners at his discretion, in the light of the decisions in the Nolen and Roberts Cases, above referred to, to the effect that a county officer, appointed or elected for a definite and fixed period, cannot be removed at the pleasure of the appointive authority, except upon the ground and in the manner provided by the Constitution and statutes as to impeachment proceedings. But when a person is appointed to an office the term of which is not fixed by law, he is then and ever after regarded as holding subject to the will of the appointing power; and this upon the theory that the power of removal is incident to the power of appointment; and when he is removed he is not thereby deprived of any vested right or function, because the very condition of his appointment was that he could be removed at the pleasure of the appointing power.

Whether section 2238 of the Code, which authorizes the governor, at his discretion, to remove county tax commissioners, was unconstitutional as applied to the incumbents at the time of the adoption of the Code or of the statute, of which the Code provision is a substantial copy, is unnecessary to be decided here, for the rea-

[Touart v. State ex rel. Callaghan.]

son that the appellant was not an incumbent at that time, but held under an appointment the term of which did not begin until the expiration of the term of his predecessor, who was in office in 1907, at the time of the passage of the last statute, and the adoption of the Code. He concedes that his term of office, of which he claims he is deprived, did not begin until after the first Monday in January, 1903. Therefore appellant was appointed, not for any definite term, but for a term at the will, pleasure, and discretion of the governor, or the appointing power, with the conditions specified in the statute. He could therefore have been removed by Governor Comer, during his term of office, with or without cause; and of course could be removed, at the time and in the manner he was removed, by Governor O'Neal.

While the county tax commissioners and the State Tax Commissioners are separate and distinct officers, and are assigned separate and distinct duties—the former not being the mere deputies of the latter—yet it is certain that it was the intention of the lawmakers that the county commissioners should be under the complete control and supervision of the State Commission. Many of the acts and duties of the county commissioners are made subject to the revision of the State Commission. Unquestionably the Legislature deemed it very necessary to the efficiency of the work of the State Commission that the county commissioners should be not only subject to its control, but that the latter officials should act in harmony with the officials of the higher commission. To this end the county tax commissioners are appointed by the State Tax Commission, and are subject to removal by that body, and being given no fixed terms of office, they can be removed without impeachment proceedings.

It is likewise evident from the statute of 1907, now embodied in the Code under the chapter "State Tax Commission" (Code 1907, §§ 2210-2241), that the governor should exercise control and supervision over both the state and county commissioners, and to this end he is authorized by statute to appoint or remove such officers; and in order that there might be no constitutional objection to this, the statute omits to fix any term for such officers, allowing this to rest in the discretion of the appointing power.

There is no question that when a statute provides for the removal of an officer for cause, it contemplates notice to the officer of the charge, and requires a tribunal of some kind to determine whether the cause for removal exists and whether such officer can be removed. But we think it certain that the statute in question authorizes the removal of county commissioners by the governor, without cause. If the removal is by the State Tax Commission, it must be with the approval of the governor, and must be for misfeasance or malfeasance in office; but in such case the statute makes the sufficiency of the ground for removal a question for the governor, rather than a judicial question. But as the removal in this case was by the governor, and the statutes in effect authorize the removal with or without cause, merely at the discretion of the governor, making him sole judge of the sufficiency of the cause for removal, notice to the officer of the intended removal was not necessary. The statute contemplates no hearing before removal can be made by the governor. The appellant in this case, not being appointed for any fixed term, could have no right to hold longer than at the will and pleasure of the appointing power, or of the governor, and consequently was not deprived of any right.

The appellant having no right to hold office at the time of his removal, nor at the time of the appointment, by the governor, of the appellee, the latter was clearly entitled to discharge the duties and functions of the office; and on the quo warranto proceedings instituted by the appellant, the trial court properly rendered a judgment adjudging that the appellee was entitled to the office. Section 5462 of the Code expressly provides for judgment in such cases.

When the governor issued his commission to the relator, that of itself operated as an approval of the removal of the incumbent.—*Ex parte Henen*, 13 Pet. 236, 259, 10 L. Ed. 138; 29 Cyc. 1408, 1373, 1474.

It is also said by Mechem (Public Officers, § 454) that where the Legislature has given authority to one officer to appoint another to an office which is created by the act of the Legislature, it may authorize the removal of the incumbent without notice or hearing; and such is the effect where it is provided that an executive is authorized to remove for any cause deemed sufficient by himself.

It was not necessary, on the hearing in the court below, for the relator, appellee here, to introduce any other proof that he was entitled to hold the office, than his commission, from the proper authorities, to that effect. The proceeding, while instituted by the relator, is in effect one by the state, and, the incumbent being properly removed, if the relator is entitled to the office, as before said, it was proper for the court to render judgment awarding the same to him, the Code authorizing such judgment.

It has been repeatedly held by this court that it will take judicial knowledge of the commissioned officers of the state, and of the length of the terms for which they hold, the extent of their authority, and the genuineness

of their signatures, etc.—*Ryan v. Young,* 147 Ala. 660, 669, 41 South. 954. And in the case of *Little v. Foster,* 130 Ala. 154, 30 South. 477, a contest between relator and respondent as to the right to hold office as trustee of the University of Alabama, this court held as follows: "Applying these principles to the facts of the case, the defendant's right to the office cannot be sustained for the reason that the governor was without warrant of law to appoint him. As we judicially know that the defendant has since this proceeding was instituted been legally appointed as successor to the relator, it is unnecessary to adjudge the latter's rights in the premises." It was therefore not necessary to require the appellee to furnish proof of that fact, of which the court takes judicial notice.

There being no error in the record, the judgment of the lower court is in all things affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.