(117 So. 311)

**WILLETT & WILLETT v. CALHOUN COUNTY. (7 Div. 828.)**

Supreme Court of Alabama. June 7, 1928.

**1. Counties ⬥113(2)—County revenue board's contract with attorneys for longer than term of board as then constituted held void.**

County board of revenue's contract with attorneys for period extending beyond term of board as then constituted *held* void as against public policy in interfering with succeeding board's power to select its own attorney, who stands in confidential or personal relation to board.

**2. Counties ⬥113(2)—County revenue board's want of power to employ attorney for period beyond its term is exception to right of contract as municipal arm of state.**

County board of revenue's want of power to employ counsel for period extending beyond term of board as then constituted, because of succeeding board's right to select its own attorney, is exception to rule or right of contract by such board as municipal arm of state.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action on contract by Willett & Willett against Calhoun County. Judgment of nonsuit, and plaintiffs appeal. Transferred from the Court of Appeals. Affirmed.

Willett & Willett and Rutherford Lapsley, all of Anniston, for appellant.

A board of revenue has power to employ counsel. Jack v. Moore, 66 Ala. 184; Clark v. Eagerton, 207 Ala. 491, 93 So. 455. Such board may make a valid and binding contract of employment, extending beyond the term of the board. Liggett v. Board of Comm., 6 Colo. App. 269, 40 P. 475; Webb v. Spokane Co., 9 Wash. 103, 37 P. 282.

Merrill & Field and Knox, Acker, Sterne & Liles, all of Anniston, for appellee.

A board of revenue has no power to bind its successors by employing attorneys to act for a period beyond the term of said board. Franklin Co. v. Ranck, 9 Ohio Cir. Ct. R. 301; 15 C. J. 542; Board of Comm. v. Taylor, 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160.

THOMAS, J. This case is transferred from the Court of Appeals pursuant to the statute having application. Section 7326, Code.

The plaintiff took a nonsuit with a bill of exceptions for adverse ruling on demurrer to the several counts of the complaint.

[1] The question presented is whether or not the board of revenue of a county had authority to make a contract with plaintiff as counsel or attorneys for said county board or court to extend beyond the term of the board as it existed at the time of the execution of such contract.

We think not. It is contrary to public policy or injurious to the interest of the public, in that the effect would be "tying the hands of the succeeding board and depriving the latter of their proper powers." Such succeeding board, as personally constituted, should at all times be free to select its own confidential legal advisor. Such has been the ruling in New York, Ohio, New Jersey, Indiana, Illinois, Kansas, Iowa, and Colorado. 15 C. J. 542; Board of Com'rs of Jay County v. Taylor, 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160. The rule as to the county printer in Colorado was discussed in Liggett v. Board of Com'rs of Kiowa County, 6 Colo. App. 269, 40 P. 475, and in Webb v. Spokane County, 9 Wash. 103, 37 P. 282, the rule as to the county physician in Washington was to the contrary. Such employments were not personal and confidential to the county board. We adhere to the majority view as to the attorney for the board, that such action is void as against public policy, the employee standing as he does in confidential or personal relation to the board. Board of Com'rs of Jay County v. Taylor, supra; Board of Com'rs of Pulaski County v. Shields, 130 Ind. 6, 29 N. E. 385.

[2] In the case of Clark v. Eagerton, 207 Ala. 491, 93 So. 455, the question was the right of the board to protect the financial interests of the county, and to that end employ counsel and pay for services rendered in substituting through the courts the lost tax records of the county under the statute made and provided for such contingency. Gen. Acts 1919, p. 68, amending Gen. Acts 1915, p. 549. The Clark-Eagerton Case, supra, is not decisive of the question here presented. The right of employment of counsel, advisory and personal, to their successors, in the respect that each board of revenue should select its own attorney and counselor, is the generally recognized exception to the rule or right of contract by such municipal arm of the state. Millikin v. Edgar County, 142 Ill. 528, 32 N. E. 493, 18 L. R. A. 447; Sheldon v. Board of Com'rs of Butler County, 48 Kan. 356, 29 P. 759, 16 L. R. A. 257; Picket Pub. Co. v. Board of County Com'rs of Carbon County, 36 Mont. 188, 92 P. 524, 13 L. R. A. (N. S.) 1115, 122 Am. St. Rep. 358, note, 12 Ann. Cas. 989, and authorities; 29 L. R. A. (N. S.) 656. See, also, 7 R. C. L. 946, § 21.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.