(125 So. 784)

## MOBILE COUNTY v. STICKNEY.
### (I Div. 878.)

Court of Appeals of Alabama.   Jan. 21, 1930.

Jas. H. Webb, of Mobile, for appellant.

Outlaw & Kilborn, of Mobile, for appellee.

374

SAMFORD, J.  E. M. Stickney filed with the board of revenue and road commissioners of the county of Mobile an itemized sworn statement, claiming of the county $350, his salary for the month of September, 1928, as assistant county engineer. His claim was denied, whereupon Stickney brought suit before a jury in the circuit court of Mobile county and recovered a judgment for $295, and from that judgment the county has prosecuted the present appeal.

The facts of the case, as shown by the bill of exceptions, are as follows:

. Stickney was in the employ of the county as an engineer during and prior to the month of November, 1927. In November, 1927, J. B. Converse was elected county highway engineer, effective December 1, 1927. The position of highway engineer of the county of Mobile was created by the Act of the Legislature approved October 6, 1920 (General and Local Acts of Alabama, Special Session of 1920, page 148). Section 3 of said act of the Legislature provides that the road engineer provided for by this act shall give his entire time and attention to the construction and maintenance of public roads, highways, and bridges in the county. Section 4 of the same act confers upon the said engineer complete charge and control over the public roads, highways, and bridges in the county, and reads as follows: "Section 4. That the said county engineer, herein provided for, shall have entire charge of the public road, highways and bridges in the county in which he holds office, he shall employ such assistants and help as is necessary for a full and satisfactory performance of the duties of his office, relative to the upkeep, maintenance, construction, etc., of all roads, highways and bridges in the county in which he holds office."

The act of the Legislature does not make any provision for the *term* of office of the county engineer provided for therein, but does state that the county road engineer provided for by the terms of this act shall receive as compensation at least $3,000 per year, and that his compensation shall be fixed by the board of county commissioners.

The resolution employing Converse as county highway engineer fixed his salary at $10,000 per year, payable in equal monthly installments, and provided that his appointment should continue as long as his services were necessary and satisfactory to the board, beginning December 1, 1927, and that it might be terminated by the board or said engineer at the expiration of 30 days from the time the intention to do so is announced at any regular meeting of the board.

The evidence as set out in the bill of exceptions tends to show that after Converse was appointed county engineer and took office, he appointed the plaintiff, E. M. Stickney, as his principal assistant, at a salary of $275 per month, and that Stickney's salary was subsequently raised to $350 per month, and that Stickney drew that amount per month for several months before his discharge. Stickney and Converse both testified that several months after Converse took office he (Converse) established a policy that all men in major positions would receive at least 30 days' notice, and subordinates 2 weeks' notice, in the event that Converse should decide to dispense with the services of any of said parties. The evidence tends to show that an agreement for 30 days' notice was then reached between Converse and Stickney. Some time after the above-mentioned agreement, and in August, 1928, Mr. Converse was discharged as county engineer by the board of revenue and road commissioners of Mobile county; the discharge being made effective August 31, 1928. By the same resolution which discharged Converse, John R. Peavy was elected in his stead. The resolution provided that Peavy should begin the discharge of his duties as county highway engineer on September 1, 1928, or at such time prior thereto as Converse shall cease to discharge the duties of the office. Converse continued to act as county engineer until the close of business, August 31, 1928, and Peavy entered upon his employment as county highway engineer on the morning of September 1, 1928.

The plaintiff, Stickney, reported for work at the office of the county highway engineer on September 1, 1928, and after he had reported for work Mr. Peavy handed him a letter dated September 1, 1928, and reading as follows:

"In order that my new organization may become effective as early as possible, it is my intention to place your successor in office at once. For this reason, beginning this date, your services will no longer be required in this department.

"Any claim that you may have against the County on account of the shortness of this notice should be filed with the Board of Revenue & Road Commissioners.

"[Signed]  John R. Peavy,
"County Engineer."

. Mr. Stickney testified that the aforesaid notice received after he reported to work on the morning of September 1, 1928, was the first official notice he had had of his discharge, and that immediately upon receipt of the letter he notified Mr. Peavy that he was ready to go ahead serving the county during the month of September, 1928, in his capacity as engineer, and that he would hold, and the witness Stickney testified that he did hold, himself in readiness to serve the county during the entire month of September, 1928, but he was not called upon by Peavy to perform

any services for the county. As before stated, Stickney sued the county for his salary for the month of September, and recovered a judgment therefor, less $61.31 which he was able to earn during the month in other employment.

Stickney contended that by virtue of the understanding reached with Mr. Converse after Converse became county engineer, he was entitled to 30 days' advance notice before he could be lawfully discharged from the employ of the county, and that even had there been no understanding in regard to 30 days' notice, he (Stickney) was nevertheless entitled to recover the September salary, because instead of giving notice of termination of employment on the last day of August, said notice was given September 1, 1928, or after the new month of employment had begun, and Stickney had entered upon the discharge of his duties.

The evidence tended to show without any dispute whatever that Stickney was not discharged for any fault on his part, or for any incompetence or failure to attend his duties, and the sole reason assigned by the Chairman of the county board for Stickney's discharge was that Mr. Stickney was "not favorable to the administration" (meaning, as we understand it, not favorable to the faction at that time in control of the board of revenue and road commissioners of Mobile county). Mr. Peavy, the new county engineer, testified that he was entirely friendly with Stickney and "did not know of any incompetence on the part of Stickney to make him discharge him"; that he had never been associated with Stickney in any work, but merely as a friend; that he did not know when he discharged him that it was for incompetence, and the witness did not discharge Stickney for that reason, "but for harmony, on account of his being persona non grata to the Board."

There are no rulings on the pleadings to be reviewed, nor any rulings on the admission or rejection of testimony. The only matters possible of review on appeal are:

1. The refusal of the general affirmative charge requested by the defendant; and

2. Refusal of written charge 2 requested by the defendant.

The cause went to the jury on a complaint consisting of two counts, viz.: One in Code form for work and labor done, and one. the common count for money due by account.

Every question necessary to a determination of this case is involved in the failure of the trial court to give, at the request of defendant, the general charge in its behalf. If the defendant is not entitled to the general charge, then there was no error in refusing charge 2, and therefore no error entitling appellant to a reversal.

The statutes creating the office or position of highway engineer (General & Local Acts, Sp. Sess. 1920, p. 148, and Local Acts 1927, p. 151, section 10) have the effect of transferring from the county board, and investing in the county highway engineer, the powers named in section 4 of the act of the Legislature, supra, included in which is the power and authority to employ a principal assistant engineer and to prescribe his duties. This assistant is what the term implies. He is the right hand, so to speak, of his chief. In all matters concerning the work of construction and maintenance of the highways and bridges of Mobile county he speaks with authority. He is a part and a principal part of the engineering department of the county, and his relation to his chief is personal, close, and in many instances confidential. The public welfare of the county demands that the relationship of the highway engineer and his principal assistant and other members of his personal staff should be of the most cordial nature. In the execution of a great trust, such as the expending of $10,000,000 of the public funds, we cannot conceive of a relationship more confidential and personal than that of a chief and his principal assistant. Would, then, it be contrary to public policy to permit Converse, the predecessor of Peavy, to select for Peavy his principal assistant? If he could do so for one month he could as well do so for one year. The authorities on this point seem to be in some conflict, so much so in fact that the text in R. C. L. pp. 945, 946, par. 21, concludes: "A statement of a positive and inflexible rule either way is not even desirable, for much depends upon questions of duty, expediency, the immediate or reasonable necessities, and other particular circumstances of the case."

In the case of Willett et al. v. Calhoun County, 217 Ala. 687, 117 So. 311, it was held that the county board could not contract with attorneys for a period beyond the term of the board, the reason given being the confidential relation in which the attorney stood to the board. It seems to us that in the Willett Case, supra, the court reached a correct conclusion, but if the contract had been for the performance of a specific duty, such as the trial of a case then pending in court, we can see that the conclusion would probably have been different. The power of the highway engineer of Mobile county to employ assistants is statutory, arising either from express provisions or authority implied therefrom. That it would have been within the legislative power to have authorized the highway engineer to enter into contracts of employment extending beyond his term is well settled. City of Detroit v. Detroit Citizens Street Ry. Co., 184 U. S. 368, 22 S. Ct. 410, 46 L. Ed. 592; Taylor v. School Committee No. 17 of Northampton County, 50 N. C. 98; Kerlin Bros. Co. v. Toledo, 11 O. C. D. 56, 20 Ohio Cir. Ct. R. 603. But where the

376

contract involved relates to a matter of discretion to be exercised by the highway engineer, unless the statute conferring the powers to contract clearly authorizes him to make a contract of employment extending beyond his own term, he has no power to do so. The employment of plaintiff by the highway engineer did involve a matter of discretion to be exercised by him in the discharge of his duties as highway engineer, and he could not exceed the authority given him by the statute. He is vested with no such discretion or authority as would empower him to circumscribe or limit or diminish the discretion incident to his office, but must transmit them unimpaired to his successor. 29 L. R. A. (N. S.) page 656, note, and authorities there cited; Jay v. Taylor, 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160.

In 46 Corpus Juris, p. 985, the general rule is stated, "The power of appointment generally carries with it, as an incident, the power to remove," and this statement of the law is supported by a long line of cited cases under note 76, among which is Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211. Following this is the statement, supported by the case of Barbor v. Mercer County Court, 85 W. Va. 359, 101 S. E. 721, that the implied power to remove cannot be contracted away so as to bind the appointing bodies (in this instance the Highway Engineer) to retain an officer for a definite fixed period. The above principle is upheld in Touart v. State ex rel. Callaghan, 173 Ala. 453, 465, 56 So. 211.

So, we conclude that Engineer Converse had no power or authority to bind the county in the selection and employment of a principal assistant engineer beyond the term of his own employment.

The defendant was entitled to the general charge, and also the court should have given charge 2 as requested.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.