



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

February 14, 1939

Honorable Geo. L. French
County Attorney
Daingerfield, Texas

Dear Sir:

Opinion No. O-257

Re: Validity of Delinquent
Tax Contract made by
outgoing Commissioners'
Court

This Office is in receipt of your letter of January 30, 1939, asking for an opinion as to whether a delinquent tax contract made on December 6, 1938, between Morris County and Edgar Hutchings, is a valid one.

You advise that the contract provides for a commission of 15% on taxes collected and is to terminate under its terms on December 31, 1939. You further advise that the contract was approved by the Attorney General and the Comptroller. You were then the county attorney and succeeded yourself on January 1, 1939. You advise that you executed the waiver required. You also advise that two of the commissioners, who signed the contract, did not succeed themselves, and the county also has a new county judge. The newly elected commissioners indicated their approval of the contract at the time the same was entered into, but we understand that there has been no such indication or ratification since they went into office, nor has the newly elected county judge ever signified his approval.

In 14 American Jurisprudence, 210, the following is said:

" . . . The members of a board of county commissioners cannot, however, contract in reference to matters which are personal to their successors. Thus, a contract which a board of county commissioners attempts to employ a legal adviser for a period of

three years, to commence three months in the future and after the time for the election of a person to fill the vacancy caused by the expiration of the term of office of one member of the board, the term of employment extending over a period during which all the members of the board as constituted at the time of the contract will retire therefrom unless reelected, is against public policy . . ."

This seems to be the law in Texas, which is expressed in 11 Tex. Jur., 631, as follows:

"Ordinarily, contracts made by a commissioners' court may not be repudiated merely because the personnel of the body has subsequently changed. It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court has no power to bind its successors."

This last quoted statement is based on the only Texas case on the subject, the case of Gulf Bitulithic Co. v. Nueces County, 11 S. W. (2d) 305, which says:

"It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court cannot bind its successors."

The court decisions in most of the other states that we have found hold that one commissioners' court cannot bind its successors on personal contracts. Coffey County v. Smith, 50 Kan. 350, 32 Pac. 30 (employment of county printer); Franklin County v. Ranck, 9 Ohio C. C. 301 (employment of courthouse janitor); Milliken v. Edgar County, 142 Ill. 528, 32 N. E. 493 (employment of poorhouse superintendent); Board of Commissioners v. Taylor, 123 Ind. 148, 23 N. E. 752 (employment of attorney); and Willett v. Calhoun County, 217 Ala. 687, 117 So. 311 (employment of attorney).

We believe that the reasons which forbid a commissioners' court to enter into a contract for the employment of a man in a personal and confidential capacity extending beyond the term of office of the individuals composing such commissioners' court applies with peculiar force to the employment of attorneys for the collection of delinquent taxes.

A tax collector-attorney would need tact, patience and diligence, and a commissioners' court would have every incentive to want a man with those qualities. Outgoing commissioners might, and in many instances, would view the situation in an entirely different light from the incoming commissioners. In short, each commissioners' court should be entitled to make its own contracts touching on the matter.

Furthermore, there may be a change in the personnel of the county attorney's office in which event the newly elected county attorney would have rights which cannot be overlooked.

Article 7332, Revised Statutes, provides for the county attorney to represent the State and county in suits for delinquent taxes and provides fees for such services. We do not believe that an outgoing commissioners' court, based upon a waiver by an out-going county attorney, perhaps one who had been defeated by the incoming county attorney, could deprive the incoming county attorney of the right to represent the county and State in such suits and to collect the remuneration therefor. Furthermore, we believe that under such circumstances the county should at least have the change of having a new county attorney who would attend to such matters for the statutory fees provided for him and which are generally a great deal less than the commissions paid the collector-attorney. It is true that in this instance the present county attorney is the same man who was county attorney at the time the contract was made, but the fundamental principle is the same.

We do not believe that the action of the two men who were later to take office as commissioners in indicating that they approved the contract has any bearing on the question at hand. Such indication on their part was not an official act and could not be such until they had qualified for their respective offices.

Absent any ratification of the contract, it is, therefore, our opinion that same is not a binding obligation upon Morris County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N

APPROVED