83 So.2d 714

**In re OPINION OF THE JUSTICES.**

**No. 150.**

Supreme Court of Alabama.

Nov. 28, 1955.

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of November 1, 1955, which is as follows:

"To the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama

"Gentlemen:

"The Board of Revenue of Winston County was created by Act No. 84 adopted at the 1955 Regular Session of the Legislature of Alabama and proposes to raise funds for the construction and improvement of public roads. and bridges in the county by selling and. issuing State Gasoline Tax Anticipation Warrants of said county in antici-- pation of and payable solely out of the proceeds which said county will receive in the future from the state gasoline tax levied by Section 647 of Title 51 of the Code of Alabama of 1940, as. amended, and distributed to the said county under the provisions of Section 655 and 657 of said title as amended. It. is proposed to issue said warrants un-- der the authority of Section 43 of Title 23 of the Code of Alabama of 1940, as. amended, as the said section has been. construed in Cochran v. Marshall County, 1942, 242 Ala. 314, 6 So.2d 489,. and the authorities therein cited.

"The said Board of Revenue relies. on Section 4 of said Act No. 84 as conferring on it all jurisdiction, control and superintendence over the public: roads, bridges and ferries of Winston

County and the public road and bridge funds of said county, including all powers conferred on courts of county commissioners and other like governing bodies by said Section 43 of Title 23 of the Code of 1940. Section 4 of the said Act No. 84 confers on the said Board of Revenue, except as otherwise provided therein, all the jurisdiction and powers which were vested in the Highway Board of Winston County. The Highway Board of Winston County was created by Act No. 333 adopted at the Regular Session of the Legislature of Alabama of 1939, which act was subsequently amended by Act No. 203 adopted at the Regular Session of the Legislature of Alabama of 1951 and Act No. 537 adopted at the Regular Session of the Legislature of Alabama of 1953. The said Board of Revenue further relies on the provisions of Section 3 of said Act No. 84 as creating the office of chairman of said board, the incumbent of which office shall sign warrants of the type referred to above as required in Section 6 of said Act No. 84.

"In addition to Section 4, said Board of Revenue relies upon Sections 9, 10, and 11 as conferring on it all jurisdiction, control, and superintendence over the public roads, bridges, and ferries of Winston County and the public road and bridge funds of said county, including all powers conferred on courts of county commissioners and other like governing bodies by Section 43 of Title 23 of the Code of 1940.

"Winston County has a road program that is being held up and cannot go forward until it is determined that said Board of Revenue has full control over the county's share of the said state gasoline tax and has power to issue warrants of the type above referred to signed by the Chairman of said Board of Revenue.

"It is respectfully requested that the Justices of the Supreme Court of Alabama render their written opinion, as provided by Title 13, Section 34 of the Code of Alabama of 1940, on the following important constitutional questions:

"(1) Does Section 4 of Act No. 84 extend or confer the provisions of said Act No. 333 adopted at the 1939 Regular Session of the Legislature, as amended aforesaid, by reference to its title only contrary to the provisions of Section 45 of the Constitution of Alabama?

"(2) If question number one (1) is answered in the affirmative, does the invalidity of section 4 invalidate said Act No. 84 in its entirety?

"(3) Does the provision in the last sentence of Section 3 of said Act No. 84, which provides that the Chairman of said Board of Revenue shall serve at the pleasure of the Governor, violate the provisions of Section 175 of the Constitution which as interpreted by the Supreme Court prohibit the removal of county officers except as therein prescribed, and if so does that fact invalidate the said Act No. 84 as a whole?
"Respectfully yours,
"James E. Folsom
Governor of Alabama"

Act No. 84, Regular Session, 1955, abolishes the Highway Board of Winston County and the Court of County Commissioners of Winston County, and creates in lieu thereof a Board of Revenue for said county.

The title of Act No. 84, supra, reads as follows:

"Relating to Winston County; reorganizing the county government; abolishing the Highway Board of Winston County and the Court of County Commissioners of Winston County, and creating in lieu thereof the Board of Revenue of Winston County; prescribing the jurisdiction of the Board of Revenue and prescribing its powers and duties; providing for the selection of its members and employees; and prescribing their qualifications, terms, compensation, powers, and duties."

By Section 4 of said Act, the Board of Revenue created by the Act is given all the jurisdiction and powers which were vested in the Highway Board, said section reading as follows:

"Section 4. Except as otherwise provided herein, the Board of Revenue shall have all the jurisdiction and powers which are now vested in the Highway Board of Winston County, and the members of the Board of Revenue shall perform all the duties and services and exercise all the powers which are now provided by law for the members of the Highway Board of Winston County."

■ It is well settled that the provisions of Section 45 of the Constitution of Alabama 1901, as to amending or reviving a law by reference to its title only and requiring that so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length, refer and relate to acts which are strictly amendatory or revisory in character, and which without the presence of the original enactments, are usually unintelligible, and not a law original in form and in itself complete and intelligible. In other words, if the law in itself is complete and intelligible and original in form, it does not fall within the meaning and spirit of that part of Sec. 45 of the Constitution with which we are presently concerned. Ex parte Pollard, 40 Ala. 77; State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Leonard v. Lyons, 204 Ala. 615, 87 So. 99; State ex rel. Terry v. Lanier, 197 Ala. 1, 72 So. 320; State v. Burchfield, 218 Ala. 8, 117 So. 483; State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 150 So. 537.

The act before us is in no sense an amendatory or revival act nor does it extend or confer the provisions of other laws contrary to the provisions of Sec. 45 of the Constitution. The act is original in form and in itself complete and intelligible.

■ We are of the opinion, therefore, that your first question should be and is answered in the negative.

In view of our answer to your first question, it is not necessary to answer your second question.

■ We are of the opinion that your third question should be answered by saying that the provision in the last sentence of Sec. 3 of said Act No. 84, which provides that the chairman of the Board of Revenue shall serve at the pleasure of the Governor, does not violate the provisions of Sec. 175 of the Constitution of Alabama 1901.

■ The last sentence of Sec. 3 of Act No. 84, supra, reads as follows: "The chairman of the Board shall be appointed by the Governor, and shall serve at the pleasure of the Governor." It clearly appears, therefore, that the chairman has no fixed term of office. Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211.

■ An officer without a fixed term of office does not come within and is afforded no protection by the provisions of Section 175 of the Constitution. Touart v. State ex rel. Callaghan, supra; State ex rel. Terry v. Lanier, supra; Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES J. MAYFIELD
Associate Justices.