The majority base their decision on the premise that Mr. Carter has never been "removed" from the office of tax assessor. I disagree. Not only have his duties been assumed by the Department of Revenue, but his pay has been halted and his office space has been occupied by Department of Revenue employees. Moreover, before this Court in oral argument counsel for the appellee conceded that Mr. Carter has been "effectively" removed from his office.
The primary question, therefore, is whether a trial judge has the inherent equitable power to remove an elected official from his duties in view of this state's constitutional and statutory provisions. I am convinced that no such power exists.
The procedure for the removal of a tax assessor from his duly elected office is primarily statutory in Alabama. Ala. Const., art. VII, § 175 (1901) states that a tax assessor:
 [M]ay be removed from office for any of the causes specified in section 173 of this Constitution, by the circuit or other courts of like jurisdiction or a criminal court of the county in which such officers hold their office, under such regulations as may be prescribed by law; provided, that the right of trial by jury and appeal in such cases shall be secured.
Code of 1975, § 36-11-3, sets out the regulations for removal of a public official, such as a tax assessor, in Alabama. That section provides:
 It shall be the duty of every grand jury to investigate and make diligent inquiry concerning any alleged misconduct or incompetency of any public officer in the county which may be brought to its notice; and, if, on such investigation and inquiry, it finds that such officer, for any cause mentioned in this chapter, ought to be removed from office, it shall so report to the court, setting forth the facts, which report shall be entered on the minutes of the court. . . .
When the Constitution provides the mode for removal of an officer by impeachment, that is deemed to be a denial of anyother method of removal. Nolen v. State, 118 Ala. 154,24 So. 251 (1898), approved in Williams v. State, 197 Ala. 40,72 So. 330 (1916). (Emphasis added.)
In Touart v. State, 173 Ala. 453, 56 So. 211 (1911), this Court stated:
 [I]f a county tax commissioner is county officer, and he has been appointed or elected to fill a definite and fixed term, his removal from office during the term to which he was appointed or elected — except for the causes enumerated in Section 173 of the Constitution, and by the method of impeachment — is inhibited by the Constitution; and that, in the impeachment proceeding provided, he has the rights of jury trial, and appeal, as guaranteed by Section 175 of the Constitution.
Assuming arguendo that Mr. Carter was acting incompetently or with willful neglect of duty, either of which would be a valid ground for removal under § 173, still it is well established that the trial court did not have the authority to proceed against him unless the grand jury returned a bill of impeachment pursuant to Code of 1975, § 36-11-2. In fact, the grand jury refused to return such a bill but the trial court, nevertheless, appointed the Department of Revenue as the receiver and effectively removed *Page 1373 
Mr. Carter from office. Since the proper impeachment procedure provided by § 36-11-3 was not followed and, moreover, since Mr. Carter was denied a jury trial which is specifically guaranteed him by § 175 of the Constitution, the removal of Mr. Carter from office was improper.
Although no one can condone the behavior of Mr. Carter in his apparent failure to perform his duties, nevertheless the people of Bullock County have exercised their right to elect whomever they wish to be their tax assessor. Doubtless the trial court's action was prompted by the highest motives, seeking to avoid an impasse which had interrupted important public services. Those motivations, however, can furnish no modifications of the language of our Constitution and statutes expressly dealing with the removal of public officials. Therefore, I would reverse and render this cause.
SHORES, J., concurs.