(77 South. 233)

## MORGAN COUNTY v. FIDELITY & DEPOSIT CO. (8 Div. 5.)

(Supreme Court of Alabama.   Nov. 15, 1917.
Rehearing Denied Dec. 24, 1917.)

1. COUNTIES ☞74(3)—OFFICERS—COMPENSATION—POWERS OF COUNTY BOARD.

Code 1907, § 217, providing that the county treasurer shall receive such compensation as may be allowed by the court of county commissioners, in no case exceeding 2½ per centum on the money received and paid out, and that his compensation in no case shall exceed the aggregate sum of $1,000 in any one year, imposes no restrictions on the court's discretion as to the mode and time of payment, whether the compensation be allowed from time to time as a percentage on sums received and disbursed, or once for all by fixing an annual salary, but in either case the allowance is subject to the limitations of the statute as to the amount.

2. COUNTIES ☞75(4)—OFFICERS—COMPENSATION—RECOVERY BACK.

Under Code 1907, § 217, if the amount paid the county treasurer as compensation exceeds either 2½ per centum on the money received and paid out or $1,000 a year, the payment is unauthorized and illegal, as to the excess, and may be recovered by the county.

3. OFFICERS ☞100(2) — COMPENSATION — INCREASE DURING TERM.

Where the commissioners' court, under the power given it by Code 1907, § 217, prescribed an annual salary of $800 as compensation for the county treasurer, such salary thereupon came within Const. § 281, providing that the salary, fees, or compensation of a public officer shall not be increased or diminished during the term for which he shall have been elected or appointed, and the commissioners' court thereafter could not prejudice the rights of the county by ratifying, approving, or confirming the retention by the county treasurer of a larger compensation than that fixed.

4. COUNTIES ☞74(3)—COUNTY TREASURER—COMPENSATION.

When the compensation of the county treasurer was fixed by the commissioners' court at an annual salary of $800, and the term served by him included a fraction of a year, such fraction should be compensated pro rata.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Morgan County against the Fidelity & Deposit Company to recover certain moneys.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

The action is to recover of defendant, as surety on the official bond of J. D. Epperson, county treasurer, a sum of money retained by Epperson out of public moneys received by him and claimed by him as compensation for his official services.   The amount so retained by Epperson was $4,398.80, and he was in office from November 21, 1904, to January 18, 1909, or 4 years, 1 month and 27 days.   The total amount is made up of items as reported by the treasurer to the county commissioners from time to time, and audited and approved by them at their regular meetings for that purpose.   On November 22d the commissioners' court made and entered an order that the compensation of Epperson, as treasurer of Morgan county, Ala., be and the same is hereby fixed at $800 per annum during his term of office.   No previous order had been made in this regard, and this was the only order made during Epperson's term of office relating to his compensation.   Epperson received no official notification of this order, and did not see the record thereof, but heard of the order November 23, 1904.   The county claims the excess retained by the treasurer over $800 per annum, as unlawfully withheld and as duly counted by the treasurer and his bondsmen.   The court sitting without a jury found for defendant.

'Callahan & Harris, of Decatur, for appellant. E. W. Godbey and Wert & Lynne, all of Decatur, for appellee.

SOMERVILLE, J. Section 217 of the Code provides:

"The county treasurer receives such compensation as may be allowed by the court of county commissioners, in no case exceeding two and one-half per cent. on the money received, and two and one-half per cent. of the money paid out by him. His compensation in no case shall exceed the aggregate sum of one thousand dollars in any one year."

[1, 2] This statute delegates to the commissioners' court the power of prescribing the compensation to be paid to a county treasurer, within the double limitation of the percentage and the maximum aggregate stated. Very clearly it imposes no restriction upon the court's discretion as to the mode and time of payment, whether the compensation be "allowed" from time to time as percentage on sums received and disbursed, or "allowed," once for all, by fixing an annual salary. In either case, the allowance is qualified by the limitations of the statute, as if expressly written therein; and, if the amount paid as compensation exceeds either the statutory percentage on the funds handled, or the statutory aggregate of $1,000 for any one year, the payment is, as to such excess, unauthorized and illegal, and may be recovered by the county.

[3] The real question in this case is whether or not the order of the commissioners' court, made on November 23, 1904, and prescribing for the compensation of the treasurer an annual salary of $800 "during his term of office," was such a fixing of his compensation as to bring it within the influence of section 281 of the Constitution, which provides that the salary, fees, or compensation of a public officer—

"shall not be increased or diminished during the term for which he shall have been elected or appointed."

If, as might have been done, the Legislature had itself prescribed the compensation of county treasurers, it cannot be doubted that this constitutional inhibition would have applied to future legislative action. The commissioners' court here exercised a delegated power; and, though its exercise in this particular way was discretionary, we can discover no sound reason why a salary or allowance, once prescribed, should not be controlled by the constitutional mandate. It would certainly be an indefensible inconsistency to say that, although the Legislature is inhibited in such cases, yet its mere creature and agent, the commissioners' court, is, within its delegated sphere of action, subject to no such restraint. Indeed, the case seems to us to come squarely within the letter as well as the spirit of the provision quoted. A well-reasoned decision which supports this conclusion will be found in the case of Purcell v. Parks, 82 Ill. 346, where it was said:

"We are all of the opinion that when the board has once acted, and fixed the compensation of the county clerk, that compensation cannot be changed so as to increase or diminish the compensation to be received by him during his term. A subsequent order of the county board, increasing or diminishing the compensation of the county clerk, can operate only upon the compensation of clerks whose terms begin after the making of such order."

In Texas it has been held that a statute providing that the salaries of officers shall not be increased or diminished during their term of office applies only to officers whose salaries are fixed by law, and not to orders of the commissioners' court fixing the amounts to be paid to county officers for ex officio services. Collingsworth County v. Myers, 35 S. W. 414. That decision, however, was based upon a consideration of the provisions and policy of correlated statutes, and cannot be regarded as apt authority in a case like the one here presented. Had the statutory inhibition covered compensation as well as salaries, no doubt the Texas court would have reached a different conclusion.

[4] When official services are compensated by a fixed annual salary, and the term served includes a fraction of a year, the intendment is that such fraction shall be compensated pro rata. Hence we conclude that the treasurer, Epperson, was entitled to receive for the fractional period from November 22, 1904, to January 18, 1905 (1 month and 27 days), approximately $156, provided the statutory percentages on funds handled during that period amounted to so much. For each of the four succeeding years, he was entitled to receive $800, under a like limitation. Whatever he has received or retained in excess of such amounts belongs to and is recoverable by the county; and the right of the county is not prejudiced by any action of the commissioners' court ratifying, approving, or confirming a larger compensation than that originally fixed by them. Such action, whether deliberate or inadvertent, was illegal and of no effect.

The ruling and judgment of the trial court was not in accord with our views of the law as above stated. The judgment will therefore be reversed, and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.