(79 South. 384)

FRANKLIN COUNTY v. RICHARDSON.
(8 Div. 137.)

(Supreme Court of Alabama. June 27, 1918.)

1. COUNTIES ⊗⇒67—REMOVAL OF OFFICERS—CONSTITUTIONAL LAW.
    Gen. Acts 1915, p. 413, § 62 et seq., relating to appointment and duties of members of county boards of equalization, fixes a definite term of office, that is protected by Const. 1901, §§ 173, 175.

2. OFFICERS ⊗⇒100(2) — COMPENSATION — BOARD OF EQUALIZATION.
    Under Gen. Acts 1915, p. 413, § 62 et seq., when reasonable compensation for members of county board of equalization is fixed by court of county revenue, or other court or board of like jurisdiction, it becomes fixed in sense that it is not subject to diminution or increase during the term of office, under Const. 1901, § 281.

3. COURTS ⊗⇒123—"COURT OF RECORD."
    The court of county revenue of Franklin county corresponds to the courts of county commissioners, or boards of revenue in other counties, and is a "court of record," under Code 1907, §§ 3306, 3314, 3321.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court of Record.]

4. COUNTIES ⊗⇒56 — ORDERS OF COUNTY BOARD—ENTRIES BY EX-OFFICIAL—EXPUNGING.
    Entry of a formal judgment or resolution on the minutes of the court of county revenue by an ex-official, under color of his former office, is void, and such entry may be expunged from its record by such court.

5. COUNTIES ⊗⇒53 — RECORDS — BOARD OF EQUALIZATION—COMPENSATION.
    Under Gen. Acts 1915, p. 414, § 70, to become fixed, the compensation of members of the county board of equalization must be shown in writing in the records of the court of county revenue.

6. COUNTIES ⊗⇒53 — RECORDS — BOARD OF EQUALIZATION — FIXING COMPENSATION — PROOF.
    To determine whether a court of county revenue has fixed the compensation of members of the county court of equalization, under Gen. Acts 1915, p. 414, § 70, where the per diem compensation and expenses of the members as entered on the records was for aggregate sums, itemized claims filed, recorded, audited, and passed on, may be referred to.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit by R. L. Richardson, as a Chairman of the County Board of Equalization, against the County of Franklin. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 450, § 6. Affirmed.

J. Foy Guinn and W. L. Chenault, both of Russellville, for appellant. Travis Williams, of Russellville, for appellee.

THOMAS, J. The suit was to recover for services rendered as a member of the county board of equalization under the general tax law. Gen. Acts 1915, pp. 386, 413, § 62 et seq. It was not to determine the right to hold said office, as this question could not be litigated in such an action. The general

tax law specifically provides the manner in which the members of the county board of equalization shall be selected and qualified. Section 63 of the act reads as follows:

"The court of county commissioners, or other court or board of like jurisdiction in each county, within thirty days after the passage of this act, and every fourth year thereafter, shall appoint one such freeholder to be a member of said board, and shall immediately certify to the state board of equalization the name and address of the person so appointed, and shall also certify such appointment to the judge of probate of the county, who shall issue a commission to such freeholder to serve as a member of said board during the term for which he was appointed, and until his successor is appointed and commissioned."

By section 64 the act further required that before the 1st day of October, 1915, and every 4 years thereafter, the state board of equalization shall appoint one such freeholder in each county of the state to be a member of the county board of equalization, and shall certify the name of such freeholder to the probate judge of the county, who shall thereupon issue a commission to such freeholder to serve as a member of said board during the term· for which he was appointed, and until his successor is appointed and commissioned. It is further provided by the statute that within. 10 days after the appointment of the second member of said board, the two members so selected shall meet and elect a third member of said board for the term for which they have been commissioned, and the member so elected shall be the chairman thereof, and that they shall certify to the judge of probate over their signatures the name of the freeholder so elected and the judge of probate shall thereupon issue a commission to such freeholder as a member of said board, and shall immediately notify the state board of equalization of such appointment, giving the name and address of the person so appointed. Section 65.

The statute further requires that each member of the county board before entering upon his duties as such, in addition to taking the regular oath of office, shall take and· subscribe an oath before the judge of probate of such county, to the effect that he will faithfully, honestly, and without fear or favor discharge his duties as a member of the board of equalization for said county, and will· fix the valuation of all property listed for taxation or submitted for valuation, "at 60 per cent. of its reasonable cash value" to the best of his judgment and ability. Section 67. Provision is made for the filling of vacancies occurring on any county board of equalization in the same manner as the member or members were originally chosen; and that members who shall be selected to fill such vacancies shall serve for the unexpired term (section 68½), and that the members of this board shall be subject to impeachment in the same manner ·and for the same causes as members of the court of county commissioners or other courts of like jurisdiction in this state (section 69). The provision for compensation to be made the members of said county board of equalization is:

"The members of said board shall receive such reasonable compensation for the services herein required as may be fixed by the court of county commissioners, or other court or board of like jurisdiction for their respective counties, provided it shall not be less than three dollars nor more than six dollars except that in counties of more than seventy-five thousand population they may be paid not more than ten dollars per day each, together with such reasonable allowances for necessary incidental expenses as said court may deem proper, but they shall be entitled as a matter of right to such cost of transportation as may have actually been incurred by them in the discharge of their duties under the provisions of this act, and the board shall once each month certify to the court of county commissioners, or other court or board of like jurisdiction, ·the number of days each member was engaged during such month, and also the expense incurred during such month, and the compensation for such services and such expenses, if approved, shall be paid as other bills of the county are paid: Provided that in all counties having a population of less than seventy-five thousand inhabitants according to the last federal census, the county board of equalization shall not remain in session for the purpose of visiting, inspecting, examining, equalizing and valuing the real property of the county for a longer period than three months, and in counties having a population of more than seventy-five thousand inhabitants, the county board of equalization shall not remain in session for a longer period than six months." Section 70.

[1] The statute specifically provides that county boards of equalization shall be composed of three freeholders, possessing the declared qualifications, who shall ·be appointed "for a term to expire on the first day of October of each fourth year thereafter," thus fixing a definite term of office that is protected under the Constitution. Const. §§ 173, 175; Williams, Judge, etc., v. State ex rel. Schwarz, 197 Ala. 40, 72 South. 330, 338; Nolen v. State ex rel. Moore, 118 Ala. 154, 24 South. 251; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 South. 211. After the passage of the general tax law, the county board of equalization of Franklin county was selected, appointed, and qualified as provided by law, and served as such during the year 1916, and to the bringing of the suit, on the 11th day of April, 1917, for a part of the compensation of R. L. Richardson, the chairman of the board. It will be noted, in passing, that the plaintiff, Richardson, was elected chairman of the board by the two members of the board respectively appointed, the one by 'the state board of equalization and the other by the court of county revenue.

[2] When the .reasonable compensation for the services of such county board of equalization was fixed by the court of county revenue or other court or board of like jurisdiction in

the respective counties, it became fixed in the sense that it was not subject to diminution or increase during the term of office fixed by the statute, which first term was to expire on the 1st day of October, 1919, and thereafter, on the 1st day of October of each fourth year. Morgan Co. v. Fidelity & Deposit Co., 77 South. 233;[1] Const. § 281. A compliance with the provision of section 70 of the act, that "the board shall once each month certify to the court of county commissioners, or other court or board of like jurisdiction, the number of days each member was engaged during such month, and also the expense incurred during such month, and the compensation for such services and such expenses, if approved, shall be paid as other bills of the county are paid," is shown by the minutes of the court of county revenue; that is, by the allowance and order of payment, by said court, to R. L. Richardson, as the chairman of the board of equalization for the county, out of any moneys in the treasury not otherwise appropriated, of the several sums so certified, allowed, or ordered paid by that court. The minutes of said court further show that the said Richardson and Sibley and Nelson, as a board, certified and filed with said court of county revenue of said county the number of days the several members were engaged during the month in the discharge of their duty at the rate of $5.50 per day; that the same was audited and allowed in part and in part disallowed. It was for this sum that the suit was brought. The allowance was at the rate of $3 per day, rather than at $5.50 per day, as certified and claimed by said Richardson and associates for services, and as paid for per former allowances by that court.

[3, 4] The court of county revenue of Franklin county corresponds to the courts of county commissioners or boards of revenue in the other counties of the state, and as such is a court of record. Code, §§ 3306, 3314, 3321; Mobile Co. v. Maddox, 195 Ala. 336, 70 South. 259; Crenshaw Co. v. Sikes, 113 Ala. 626, 21 South. 135. And as to the subsequent entry on the minutes of said court by a former official thereof, of a formal judgment or resolution of the court of county revenue fixing, at $5.50 per day, in the first instance, the reasonable compensation of the county board of equalization on the organization and induction in office of its members, it was of no effect. For any judgment or decree attempted to be rendered or entered on the minutes of any court, by an ex-official, under color of his former office, is void; and by action of the court in which the same was attempted to be entered, such judgment, decree, or minute entry may be expunged from its record. Ex parte City Bank & Trust Co., 200 Ala. 440, 76 South. 372, 373.

[5] It is, however, clearly shown from the record that Richardson was such chairman of the county board of equalization, and with his associates discharged the duties of that office during the term of office fixed by the law. In the absence of a formal judgment of the court of county revenue of said county, fixing the amount of that reasonable compensation under section 70 of the general tax law, may the amount so actually fixed by the court of county revenue of said county be shown by parol? Or did the certification to the court of county revenue by the county board of equalization, under the provisions of section 70 of the act, of this claim for expenses and compensation, and its audit and allowance with order of payment by the court of county revenue as the reasonable compensation, so certified, for the services rendered as members of the county board of equalization, show that reasonable compensation to have been fixed by the former court of county revenue at the rate of $5.50 per day?

In answer to the first inquiry, Chief Justice Brickell said of the allowance of a claim by the court of county commissioners that it must be a matter of record, for such court "speaks only through its records." "A written memorial is the only evidence which other courts can receive of its proceedings, whether it is of the exercise of judicial power or of mere ministerial authority and duty." Speed et al. v. Cocke, Adm'r, 57 Ala. 209, 216; Crenshaw County v. Sikes, supra; Greenville v. Greenville Waterworks, 125 Ala. 625, 643, 27 South. 764; City of Birmingham v. Chestnutt, 161 Ala. 253, 49 South. 813; Perryman v. Greenville, 51 Ala. 507; Mobile Co. v. Maddox, supra; Wade v. Odeneal, 14 N. C. 423. In Ex parte Bradshaw, 174 Ala. 243, 245, 250, 57 South. 16, Mr. Justice Somerville said:

"As said by Mr. Freeman: 'All courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both, to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application.' 1 Freeman on Judgments (4th Ed.) § 37; Speed v. Cocke, Adm'r, 57 Ala. 209, 216, 217."

Though section 70 of the act does not provide the mode of fixing the compensation, otherwise than that it must be done by the court of county revenue, and does not specifically provide for the recordation, on the minutes of that court, of such action taken by the board in fixing the reasonable compensation for the services of members of county boards of equalization, yet we think it is without question, from the foregoing authorities, that such legislative or judicial action of the court of county revenue should be entered upon and evidenced by the records of such court. When the records of the court of county revenue and the evidence adduced on the trial, to which no objection was made, are considered, it is shown that the court of county revenue duly performed its duty in naming a member of the equalization board, that the state board named a member, and that the two so selected elected the third member (the plaintiff) as chairman of

[1] 200 Ala. 690.

the county board of equalization, and that the three members so selected duly qualified and discharged the duties of that office for Franklin county, and once each month did certify to the county board of revenue the number of days each member was engaged in discharging the duties of his office each month, and also the expense incurred during such month, and that the court of county revenue allowed their claim for expenses and compensation so certified.

[6] While these several orders of payment to the plaintiff, R. L. Richardson, made from time to time by the county board of revenue and entered on the minutes of that court, were for aggregate sums to be paid out of money in the general fund in the county not otherwise appropriated, when the allowance of the order of payment is referred to the claim so certified and allowed, it will specifically show the amount per day for which payment was made, for the time when the said R. L. Richardson was engaged in the discharge of his duties of office as chairman of said board. It was permissible to refer to the claim so certified, and to the minutes of the court of county revenue, particularly to that part thereof, which showed the allowance, and order of payment, at the rate of $5.50 per day, to R. L. Richardson, chairman of the board of equalization, for services rendered.

The law provides that all claims against the county shall be filed and recorded, and that the same shall be audited and passed on by that court and allowed or disallowed, in whole or in part, and that such action shall be shown on the minutes of the court. Brown v. Lowndes Co., 78 South. 815.[2] The certification of the claims of Richardson and the other members of the board of equalization, and their allowance by the board from month to month, sufficiently showed that compensation for their services had been fixed by the county board of revenue, as required by the act, at $5.50 per day; and, as so fixed, it was not thereafter subject to change within the term for which they were elected and qualified.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.