(98 South. 782)

PETREE et al. v. McMURRAY. (8 Div. 617.)

(Supreme Court of Alabama. Dec. 13, 1923. Rehearing Denied Jan. 31, 1924.)

**1. Schools and school districts ⬱46—Statute providing for election of county superintendent of education which would effect removal of incumbent held unconstitutional.**

Loc. Acts 1923, p. 222, providing for the election of a county superintendent of education within 90 days from the approval of the act, which would in effect remove the present incumbent appointed pursuant to Acts 1919, pp. 567-578, art. 6, § 1, for a term of two years, is violative of Const. 1901, § 175, providing that a county superintendent shall not be liable to removal from office except by impeachment and a finding of a jury, article 6, § 2, of the latter act, providing that the county board of education may remove the county superintendent of education for designated causes, being inapplicable.

**2. Constitutional law ⬱47—Possible death of complainant before statute could affect him not considered in determining constitutionality.**

That one complaining of the invalidity of a statute, which is to take effect in the future, might die before it becomes effective, is immaterial in determining its validity.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by W. A. McMurray for injunction against J. D. Petree and others, as election commissioners of Franklin county. From a decree overruling demurrer to the bill and denying motion to dissolve temporary injunction, respondents appeal. Affirmed.

It is shown by the bill that complainant was appointed county superintendent of education of Franklin county, for a term of two years, beginning July 1, 1923, and that he gave bond, took the oath, and assumed the duties of the office. Thereafter an act was passed by the Legislature (a copy of which is exhibited with the bill—Local Acts 1923, p. 222), providing for the election of a county superintendent of education for said county, to be elected within 90 days from

the approval of the act, to take office immediately after qualification; and also providing for the election of such an officer at the general election in 1924. It is alleged that the act is violative of section 175 of the Constitution in providing for the removal of complainant from office by another method than impeachment.

It is further alleged that, notwithstanding the invalidity of said act, respondents, acting as an election commission, are threatening to and are about to advertise and call a special election, to appoint inspectors, clerks, etc., in the various voting precincts, and to purchase election supplies, all of which is without warrant of law. And it is alleged that the pay vouchers for the proposed election officers and the purchase of supplies will constitute illegal claims and expenses against the county, to the detriment of complainant as a taxpayer; and that the holding of said election will tend to interfere with the proper discharge of the duties of his office.

It is prayed that respondents be temporarily restrained from holding said illegal election and incurring said expenses and be directed to submit to the jurisdiction of the court for its adjudication upon the validity of the act, and that upon final hearing respondents be permanently restrained. The temporary injunction was issued as prayed.

By agreement the cause was submitted on respondents' demurrers to the bill and motion to dissolve. By its decree the trial court overruled the demurrers and denied the motion to dissolve, from which decree respondents prosecute this appeal.

Travis Williams, of Russellville, for appellants.

Harwell G. Davis, Atty. Gen., and Hugh White, Asst. Atty. Gen., amicus curiæ.

The office of complainant is not within the protection of section 175 of the Constitution. Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 South. 211; Code 1907, § 1556 (5); Board of Education v. Watts, 19 Ala. App. 7, 95 South. 498; Hawkins v. Roberts & Son, 122 Ala. 130, 27 South. 327; Harrington v. State, 200 Ala. 480, 76 South. 422.

J. Foy Guin, of Russellville, for appellee.

The county superintendent of education can only be removed by impeachment, on trial by jury; and this, notwithstanding the existence, at the time of his election, of a statute providing a different method of removal. Const. 1901, § 175; Nolen v. State, 118 Ala. 154, 24 South. 251; Batson v. State ex rel., 206 Ala. 317, 89 South. 500; Franklin Co. v. Richardson, 202 Ala. 46, 79 South. 384; Harrington v. State, 200 Ala. 480, 76 South. 422; Williams v. State, 197 Ala. 40, 72 South. 330; Touart v. State, 173 Ala. 453, 56 South. 211.

SAYRE, J. [1] The act, entitled "An act to provide for the election of a county superintendent of education for Franklin county," etc., approved September 24, 1923 (Local Acts, 1923, p. 222), if within the constitutional competency of the Legislature, operated, or will so operate if given effect, to oust appellee, complainant in the trial court, from the office of county superintendent of education to which, prior to the act, he had been duly appointed by the county board of education. Statutory authority for appellee's appointment is found in section 1 of article 6 (p. 588) of the act entitled "An act to provide a complete educational system for the State of Alabama," etc., approved September 26, 1919 (Acts, pp. 567–678), where it was provided that—

"The county board of education of each county shall appoint during the month of May a superintendent of schools for a term of from two to five years from the first day of July next succeeding his appointment."

The averment of complainant's bill is he was "appointed to the office of county superintendent of education of Franklin county for a term of two years beginning July 1st, 1923," and that he gave bond, took the oath of office, entered upon the discharge of his duties, and has since continued to discharge such duties.

Considering the provision of the statute and the averments of the bill, there appears no reason to doubt that complainant's tenure of office is for a fixed term of two years, and, therefore, that he is under the protection of section 175 of the Constitution, which provides that "county superintendents of education," among others, "may be removed from office for any of the causes specified in section 173 of this Constitution, by the circuit or other courts of like jurisdiction or a criminal court of the county in which such officers hold their office, under such regulations as may be prescribed by law: Provided, that the right of trial by jury and appeal in such cases shall be secured"—and of the decision in Nolen v. State, 118 Ala. 154, 24 South. 251, where it was held that the Legislature had no authority under the Constitution to pass an act the effect of which is to remove from office any of the officers enumerated in section 175. That case has been consistently followed, and the section of the Constitution of 1875 there involved (article 7, § 3), with its increment of judicial interpretation (Nolen v. State), has been brought forward into the present Constitution as section 175 with this difference: In the Constitution of 1875 county superintendents of education were included within the general designation "all other county officers," whereas in section 175 of the present Constitution county superintendents of education are included eo nomine, thus evidencing the explicit will of the makers of the Constitution that county superintendents should not be liable to removal from office

except by impeachment and the finding of a jury.

We say that complainant, on the averments of his bill, held office for a term of two years for the reason that his appointment was for two years and under the statute, section 1 of article 6, the county board of education had no power to appoint him for a shorter term. But section 2 of article 6, supra, provides that "the county board of education may remove the county superintendent of education for" designated causes "or when, in the opinion of the county board, the best interests of the schools require it," and the contention for appellants, defendants, is that under the authority of the decision in Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 South. 211, this last-quoted provision of the statute lodges power in the county board at any time to remove the superintendent from office when, in their opinion, the best interests of the.schools require it, and, therefore, that the Legislature may do what it has authorized the board to do; in other words, that complainant took office subject to the limitations and conditions expressed in the act of September 26, 1919, and cannot now complain that the act in question puts into effect the provision of section 2, ante. So far as concerns complainant's term of two years, we do not read Touart v. State ex rel. Callaghan to the effect ascribed to it by the argument for defendants. Touart was appointed county tax commissioner—an office, by the way, unknown to the Constitution—to hold office at the pleasure of the Governor and the state tax commissioner. Clearly he had no term of office, and on that ground it was held that he could not take shelter under section 175 of the Constitution, the court assuming that county tax commissioners, if invested with a term of office, would fall within the protection afforded to "all other county officers." But in the later case of Williams v. State ex rel. Schwarz, 197 Ala. 40, 72 South. 330, Ann. Cas. 1918D, 869, the court, considering the statute creating a commission form of government which fixed the terms of the commissioners at three years, but provided for a recall, held that the provision for a recall was obnoxious to section 175 of the Constitution, which relates also to "mayors, intendants and all other officers of incorporated cities and towns in this state." Here the case is different from that appearing in Touart v. State, and bears a close analogy to Williams v. Schwarz, supra. Here we cannot doubt that complainant holds office as superintendent of education, the office that was explicitly provided for in the Constitution where it is provided that he can be removed only by impeachment and the verdict of a jury. Nolen v. State, and Williams v. Schwarz, supra.

[2] We are clear to the conclusion that the trial court committed no error in overruling that ground of demurrer which suggested that complainant shows no interference with any right of his by the special election which defendants were preparing to hold for the election of a county superintendent in his place, for that, for aught appearing, complainant might die or resign before that time. If courts acted upon that theory, they would deny the reason for their creation.

Our conclusion is that the trial court correctly overruled the demurrer to complainant's bill and that the decree must be affirmed.

Affirmed.

All the Justices concur.