## CADLE v. BLAND. (8 Div. 791.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Bills and notes ⬤⇒499—Burden on defendant to prove that later note given in satisfaction of note sued upon.**

In action on a note, where defense was that a later note was given in lieu of note sued on, and by way of extinguishment thereof, the burden is on the defendant to prove such defense.

**2. Evidence ⬤⇒383(7)—Later note considered prima facie as collateral and additional security for prior note given for services.**

Where defendant gave attorney his note for services rendered, and later he and his mother executed another note, such later note prima facie is to be considered only as collateral and additional security; defendant having referred to such note as being given for security.

**3. Appeal and error ⬤⇒1050(1)—In suit on a note given attorney for services, admission in evidence of papers in suit held harmless, if error.**

In a suit by attorney upon a note given him for services rendered in divorce case, the admission in evidence of papers of the divorce case was harmless, if error, where there was no plea of a want or failure of consideration, and performance of services was not disputed.

**4. Appeal and error ⬤⇒655(2)—Bill of exceptions will not be stricken when established pursuant to local act creating county court.**

In a suit on a note, a bill of exceptions, established pursuant to local act creating the Franklin county law and equity court (Loc. Acts 1923, p. 272), will not be stricken.

**5. Statutes ⬤⇒8½(3)—Local act, establishing county court, held not unconstitutional as to notice of proposed act.**

Loc. Acts 1923, p. 272, providing for the creation of the Franklin county law and equity court, *held* not unconstitutional as not sufficiently meeting requirements of Const. 1901, § 106, as to published notice of proposed act.

**6. Statutes ⬤⇒39—Original Journal controls, where there is error in printed copy of House Journal.**

Original House Journal controls, where there is error in printed copy of House Journal.

**7. Statutes ⬤⇒124(1)—Title of local act creating county court gave sufficient notice of matters of procedure contained in act.**

The title of Loc. Acts 1923, p. 272, creating the Franklin county law and equity court, *held* to give sufficient notice as to matters of procedure contained in sections 17–20 of the act.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action on promissory note by Earney Bland against C. L. Cadle. Judgment for plaintiff,

and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Stell & Quillin, of Russellville, for appellant.

The giving of the later note was a satisfaction of the former. Reliance L. I. Co. v. Garth, 192 Ala. 91, 68 So. 871. It was error to admit in evidence the file of the divorce case. Williams v. Shows, 197 Ala. 596, 73 So. 99; Duncan v. Watson, 198 Ala. 180, 73 So. 448. The question of how a bill of exceptions may be prepared is one for the Legislature. Whitman v. State, 20 Ala. App. 499, 103 So. 240; Honeycutt v. State, 20 Ala. App. 485, 103 So. 90. The local act of 1923 (page 272) is void for failure of required notice. Wallace v. Board, 140 Ala. 491, 37 So. 321. The act violates sections 45, 143, 280, and 281 of the Constitution. Adcock v. State, 142 Ala. 30, 37 So. 919; State ex rel. v. Lea, 211 Ala. 68, 99 So. 170; Lloyd v. State, 70 Ala. 32; Bank v. Hagood, 206 Ala. 308, 89 So. 497.

Joel B. Brown, of Cullman, and J. Foy Guin, of Russellville, for appellee.

A bill of exceptions can only be made a part of the record by being presented to, approved, and signed by the trial judge. Nat. Pyrites Co. v. Williams, 206 Ala. 4, 89 So. 291; Petty v. Dill, 53 Ala. 641; Edinburgh Co. v. Canterbury, 169 Ala. 444, 53 So. 823; King v. Hill, 153 Ala. 422, 51 So. 15. The finding of the trial judge here will not be disturbed. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Daniel Co. v. Brown, 18 Ala. App. 655, 94 So. 243. The burden of proof to show payment was upon the defendant. Lehman v. McQueen, 65 Ala. 570; 3 Brickell's Dig. 698; Keel v. Larkin, 72 Ala. 493. The notice of the local act was sufficient. Byrd v. Colquett, 212 Ala. 266, 102 So. 223; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843. The act does not offend section 143 of the Constitution. Ex parte O'Neal, 154 Ala. 237, 45 So. 712; Ex parte State, 151 Ala. 574, 44 So. 635; Murphy v. State, 4 Ala. App. 14, 58 So. 671.

GARDNER, J. [1] This is an action on a promissory note given by appellant to appellee, an attorney, for services rendered in a divorce proceeding. The note sued upon was executed in June, 1920. Defendant's insistence was that the note sued upon was satisfied by the execution of another note executed by defendant and his mother to plaintiff in February, 1921, given in lieu of the note of June, 1920. The burden of proof rested upon defendant to establish this defense that the later note was given in satisfaction and by way of extinguishment of the note upon

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which the suit was brought. Keel v. Larkin, 72 Ala. 493.

[2] More than once defendant referred to the note of 1921 as being given as security. Prima facie, it is to be considered only as collateral and additional security. Keel v. Larkin, supra.

The cause was tried on oral testimony before the court without a jury. The defendant's evidence was uncertain, unsatisfactory, and in some respects contradictory. We are unwilling to disturb the conclusion of the trial judge on the facts.

[3] Whether there was error in the admission in evidence of the original papers in the divorce case need not be determined. There was no plea or insistence of a want or failure of consideration, and the performance by plaintiff of the agreed services was not disputed. It very clearly appears that in no event could the introduction of these papers work any prejudice to defendant.

[4] As to the bill of exceptions, it appears to have been established pursuant to the local act creating the Franklin county law and equity court. Local Acts 1923, p. 272. While we concur in the adverse criticism by the Court of Appeals in Honeycutt v. State, 103 So. 90, as to this method of establishing a bill of exceptions, yet we are of the opinion this was a matter for legislative determination, and this court would not be justified in striking the same. The motion to strike the bill of exceptions is overruled.

[5] By supplemental brief counsel for appellant attack the constitutionality of the above-cited local act establishing the court. We are of the opinion the published notice sufficiently met the requirement of section 106 of the Constitution of 1901. The act here in question appears to have been largely fashioned after that establishing the Morgan county law and equity court held good against attack in Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843.

[6] It may be noted in this connection that in the printed copy of House Journal (2 House Journal 1923, p. 1485) a line is omitted referring to the abolition of the county court of Franklin county and the transfer of causes therein pending to the said law and equity court. This was an error of the printer as a reference to the original Journal discloses. The original Journal controls. Dudley v. Fitzpatrick, 143 Ala. 162, 39 So. 384. The original, however, correctly appears in the printed Senate Journal. Volume II, Senate Journal 1923, p. 1663.

[7] The objections to sections 17, 18, 19, and 20 are clearly without merit. These sections deal with matters of procedure in the court of which the title gave sufficient notice.

There are objections to other sections, which, even if containing merit, would not invalidate the entire act. Jackson v. Sher-rod, 207 Ala. 245, 92 So. 481. Some of these objections are answered by this last cited authority, and we mean no indication that any of the objections are meritorious.

Further discussion we deem unnecessary. We have found no valid reason for striking down the local act as unconstitutional.

Finding no reversible error, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.