(112 So. 644)

## McMURRAY v. COUNTY BOARD OF EDUCATION OF FRANKLIN COUNTY.
### (8 Div. 872.)

Supreme Court of Alabama. April 28, 1927.

Officers ⊙⟹100(2)—County superintendent of education, appointed for two years at definite salary, could not recover additional amount during term, though board increased salary (School Code, pp. 51, 53, §§ 114, 118; Const. 1901, §§ 175, 281).

County superintendent of education, appointed for two years at designated salary and expense account under School Code, pp. 51, 53, §§ 114, 118, could not recover amounts in excess of that originally allowed, though at subsequent meetings during term salary was fixed at increased amounts, under Const. 1901, § 175; increase or diminution in salary of any officer holding civil office for profit during term for which he shall have been elected or appointed being prohibited by section 281.

Thomas, J., dissenting.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action for breach of contract by W. A. McMurray against the County Board of Education of Franklin County. From a judgment for defendant, plaintiff appeals. Affirmed.

H. H. Hamilton, of Russellville, and J. A. Posey, of Haleyville, for appellant.

The salary of the county superintendent of education could be increased or decreased at the discretion of the county board of education at any time. The minutes of the meetings of the board of September 28, 1923, and May 30, 1924, are material testimony on the question of salary.

J. Foy Guin, of Russellville, for appellee.

Under the local act it is provided that the bill of exceptions should be certified by the court reporter, not by the trial judge. The official certificate of the court reporter is necessary to give validity to the bill of exceptions. It is also required that the court reporter give written notice of the filing of the bill of exceptions to the parties, or their attorneys, and to the trial judge. Local Acts 1923, p. 272, §§ 28, 30; Cadle v. Bland, 213 Ala. 665, 106 So. 170. Where the term of office is fixed, and power is delegated by the Legislature to a subordinate body to set the salary, when such body has once acted to fix the compensation, any subsequent action relative to said salary is void, since the compensation of no public officer having a fixed term may be increased or decreased during such term. Const. 1901, § 281; Morgan County v. Fid. & Dep. Co., 200 Ala. 690, 77 So. 233; Franklin County v. Richardson, 202 Ala. 46, 79 So. 384; Willett v. Weaver, 205 Ala. 268, 87 So.

601. To hold that the officer's salary could be raised during his term of office—if so, there is no constitutional reason why it should not be lowered—would be to hold that the county board could remove him at pleasure. The term of plaintiff was fixed and definite, protecting him under section 175 of the Constitution, and section 281 also applies. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295; Clark v. State, 177 Ala. 188, 59 So. 259; Stone v. State, 18 Ala. App. 228, 89 So. 824; Petree v. McMurray, 210 Ala. 639, 98 So. 782. Section 281 may not be evaded by resignation and reappointment of the officer. Greene v. Hudson County, 44 N. J. Law, 388; Kearney v. Board, 189 Mich. 666, 155 N. W. 510; Willett v. Weaver, supra.

THOMAS, J. The method of establishing a bill of exceptions on appeal under the Local Acts of 1923, p. 272, has the approval of this court. Cadle v. Bland, 213 Ala. 665, 106 So. 170. Sections 28 and 30 of that local act provide for establishing a bill of exceptions by the judge of the court and thereafter by the Court of Appeals. The instant bill of exceptions was signed by the trial judge. We therefore examine the questions presented.

The transcript and bill of exceptions show that W. A. McMurray was, by the county board of education of Franklin county, Ala., elected county superintendent of education for the term of one year beginning July 1, 1923. At a subsequent meeting of said board, he was again elected, by amendment to the previous meeting's minutes, for a term of two years beginning July 1, 1923, at a salary of $1,800 per annum, with $50 per month allowance for expenses. On September 28, 1923, at a regular meeting of that board, his salary for services was increased to $3,000 per annum, and on May 30, 1924, the salary was again fixed by said body at $2,400 per year, as shown by the minutes of the meeting of said board. It is not controverted but that he received the amount set out in each order except the $50 mentioned as expenses in the first order; that he received three $50 checks for his expenses the first three months that he served, leaving a period of 21 months for which he contends, he is entitled to receive his expense check, being at the rate of $50 per month.

The complaint contains the common counts and special counts for breach of contract. There were pleas of the general issue, payment, the failure of due presentation, and that setting up several transactions of the county board of education pertaining to his incumbency in office, salary, and expenses. Demurrer was sustained to plea 7 and overruled as to the other pleas, whereupon pleas 4 and 5 were withdrawn. Plaintiff's replications of estoppel were eliminated by de-

murrer. The issue being joined, the verdict and judgment were for defendant. The provisions of law having application are sections 114, 118, School Code of Ala. pp. 51, 53.

In Petree v. McMurray, 210 Ala. 639, 98 So. 782, it was declared that statutes providing for the election of county superintendents of education, which would effect a removal within his term that is fixed and definite, for causes other than are specified in the Constitution, were repugnant to organic law. Constitution, § 175; Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223; Dennis v. Prather, 212 Ala. 449, 103 So. 59; Stone County Treas. v. State ex rel. Freeland, 213 Ala. 130, 104 So. 892, 894; Franklin County v. Richardson, 202 Ala. 46, 79 So. 384.

It is provided by section 281 of the Constitution that:

"The salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed."

This section has been repeatedly construed or applied, as in the case of the salaries of solicitors for new circuits (Brandon v. Askew, 172 Ala. 160, 54 So. 605), state health officers (State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295), a jury commissioner where the office was abolished (State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939), deputy county solicitor (Jackson, Clerk, v. Sherrod, Deputy Sol., 207 Ala. 245, 92 So. 481), judges of inferior courts (Willett v. Weaver, 205 Ala. 268, 87 So. 601), commissions for collecting delinquent judgments by the clerk of circuit court (Riley v. L. & N. R. Co., 18 Ala. App. 279, 92 So. 23), county health officers (State v. Roberts, 203 Ala. 325, 83 So. 49), ex officio services of county collectors and assessors relative to school district tax (City of Birmingham v. Hawkins, Tax Col., 208 Ala. 79, 94 So. 62), extra duties of the clerk of circuit courts under the dog law (Waldrop, Clerk v. Henry, Treas., 207 Ala. 128, 92 So. 425; Sloss-Sheffield S. & I. Co. v. Brooks, 19 Ala. App. 107, 96 So. 81; Vaughan v. State, 212 Ala. 461, 103 So. 38), county equalization board (Franklin County v. Richardson, 202 Ala. 46, 79 So. 384) county treasurer (Morgan County v. Fidelity, etc., Co., 200 Ala. 690, 77 So. 233) county health officer (Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422).

When the term of office is fixed and the power is delegated by the Legislature to a subordinate body of government to set the salary, and this function is discharged by fixing the compensation, is subsequent action increasing or reducing this compensation repugnant to section 281 of the Constitution, where the term does not extend beyond an incumbency in office?

216 ALA.—10

The case of Morgan County v. Fidelity, etc., Co., 200 Ala. 690, 77 So. 233, does not answer the inquiry in the affirmative. The salary of the county treasurer being fixed by the commissioners' court within the limitations of the statute and the holding that it was protected by section 281 of the Constitution for the reason that the term and salary is fixed by law and vacancies in that office created by unexpired term are required to be filled by appointment of the court of county commissioners. Code of 1907, § 208 et seq.

The county board in the instant case made its defense to objections to proof on the part of the plaintiff, seeking to offer the subsequent orders of the board within the incumbency or term of service of plaintiff under employment or election as county superintendent of public schools. The evidence admitted was that meeting of the board on December 29, 1922, electing plaintiff as county superintendent of education for a term of one year from July 1, 1923. This order did not fix a salary and was for a time less than the minimum period prescribed by statute; the order of January 12, 1923, electing him superintendent for a term of two years beginning July 1, 1923, "at a salary of $1,800 per annum, with $50 per month allowance for expense," and confirmance of this action by the order of May 25, 1923. Such were the respective orders of the county board of education before the incumbent entered upon his service of the county board as county superintendent of education. Thereafter, on September 28, 1923, it was attempted to raise his salary to $3,000, "beginning October 1, 1923," and on May 30, 1924, to reduce the amount to $2,400 per annum, effective June 1, 1924, which evidence was excluded by the trial court. The offer of compromise by plaintiff of the expense account of $1,050 was rejected by the county board on July 23, 1925, and was not admitted in evidence. These rulings, excluding evidence of subsequent actions of the county board, necessitate a consideration of sections 175 and 281 of the Constitution as affecting the incumbency in office of the county superintendent of education by said McMurray, the plaintiff.

The county superintendent of education is the "executive officer" of the county school board. The latter has the delegated authority and power over the finances of the county schools, including the fixing of the salary (not less than $1,500 per annum), and the term (within the statute from two to five years from the 1st of July next succeeding his appointment) of the county superintendent. Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774; Gen. Acts 1919, pp. 584, 589.

The inquiry is, Has this superintendent a "term" within the meaning of section 281 of the Constitution? If so, when the board of education exercised its discretion by prescribing the term within the two and five year

limitation, at a fixed salary of not less than $1,500, the right to thereafter change the same would be within the decision of Morgan County v. Fidelity & Deposit Co., 200 Ala. 690, 77 So. 233.

We have adverted to the fact that, when the county superintendent was given a term for the purposes of removal and impeachment, that incumbent was protected by the provisions of section 175 of the Constitution, and may not be removed only as indicated by the Constitution. Petree v. McMurray, 210 Ala. 639, 98 So. 782. If, however, that incumbent should die, resign, or be impeached, the term of the succeeding incumbent in office would be as fixed by the county board (not less than two, nor more than five years) for the new term; there being no provision of statute that creates an unexpired term to be filled by reason of a vacancy in office caused by death or resignation or removal. This is the material distinction in this case and other cases protected under section 281 of the Constitution. The failure of the statute to fix successive terms of office of equal duration for such county superintendents of education is a fundamental difference. For example, when the succeeding superintendent is selected, the county board may disregard its former action as to duration of term and amount of salary within the limitations of the statute. Acts 1919, pp. 588, 589, §§ 1, 2; Petree v. McMurray, 210 Ala. 639, 98 So. 782. It results from this that such officer was without a term of office within the meaning of section 281. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211. The succeeding term of office and the salary, with the exception or limitation of the statute just indicated, is after the death, resignation, or removal of the incumbent, at the discretion of the county board. Hence the "term" of county superintendent, though protected by section 175 of the Constitution from involuntary removal to the extent indicated, is incident to and inherent in or dependent upon the term of the incumbent in office, ending upon his resignation or removal by impeachment, or death or other contingency having the effect of prevention of the discharge of the duties of office by such incumbent. The writer was of counsel for the appellee, in Clark v. State ex rel. Graves, 177 Ala. 188, 193, 59 So. 259, 261, and am of the opinion that there is application of the rules adverted to in the foregoing case (Governor Graves' Case) saying:

"If a vacancy occurs in the term of any state or county office, it is filled by appointment of the Governor, except as otherwise provided, but the appointee holds his office only for the unexpired term, and until his successor is elected and qualified. Code of 1907, § 1474. This provision, however, does not apply to vacancies in the office ensuing upon the expiration of a complete term. State ex rel. Little v. Foster, 130 Ala. 154, 30 So. 477. And, of course, it cannot apply at all to officers as to which no unexpired terms are contemplated.

" * * * The chief question here presented for determination is whether the constitutional and statutory provisions providing for and regulating the office of brigadier general contemplate a succession of fixed terms of office of four years each, each new term beginning with the end of its predecessor, into which all appointees shall be compressed regardless of their number or the times of their appointment, or whether, ignoring unexpired terms, each new appointee shall be entitled to hold for a new term of four years. Or, to state the question somewhat epigrammatically, are the appointees intended for the terms, or are the terms intended for the appointees? It was the theory of the common law that the king was the source of all power, and incidentally the dispenser of all offices. Jac. Law Dic. tit. 'Office.' From this it resulted that there were no vacancies in the terms of public officers, for there were no terms of office in the modern sense."

The effect of the foregoing is that "term" for which the incumbent officer "shall have been elected or appointed" within the provisions of section 281 of the Constitution applies to successive fixed periods definitely prescribed by law. The causes creating a vacancy in office to be filled in such terms may be uncertain, or contingent or specified, but the term must be made certain by specific direction of law. Such a "term" of office, protected by section 281 of the Constitution, is not subject to change or termination by contingency as death, resignation, impeachment, etc., and its duration is not dependent on there being an incumbent, or dependent upon the will or circumstances of an incumbent in office. In my opinion, and the foregoing authority, a county superintendent has a "term" protected by section 175 of the Constitution, yet not a "term" within the provisions of section 281 of the Constitution. This result is not only in harmony with our rules of the construction of the constitutional law, but with the policy, purpose, and efficient administration of public educational affairs of the state and counties.

The majority, ANDERSON, C. J., SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., are of opinion, and so hold, that the ruling of the trial court was in accord with the decision in Petree v. McMurray, 210 Ala. 639, 98 So. 782, and that no reversible error intervened on the trial. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., concur.

THOMAS, J., dissents.