(120 So. 144)

## DUNLAP v. BOARD OF EDUCATION OF WINSTON COUNTY et al. (6 Div. 145.)

Supreme Court of Alabama.   Jan. 24, 1929.

Anderton & Bailes and John T. Batten, all of Birmingham, for appellant.

Davis, Curtis & Hunter, of Jasper, for appellees.

THOMAS, J.   The sustaining of the demurrer to the complaint induced the taking and granting of nonsuit, and appeal upon the record presents the questions for decision.

Appellant had been employed on April 16, 1925, by the board of education (organized under section 1355, Code of 1907), for the town of Haleyville, for a period of five years, as superintendent of public schools. He entered upon such term of office on the 1st day of May of that year, and continued therein until May 27, 1927, when said municipal board of education gave notice in writing, that on said date appellant was removed from office as superintendent by action of that board. Appellant insisted that this action and that of demand for possession of the minute books, records, etc., relative to said municipal school, was unlawful, and that his prevention from further performance of said duties, under aforesaid contract, rendered that board and its successor liable for the contract salary for the remainder of the five-year term, since at all times he has held himself in readiness to perform the duties the contract imposed upon him.

From October 1, 1927, the county board of education, by an Act of the Legislature (Acts 1927, p. 649) and the Governor's proclamation, succeeded the city school board in the control and administration of the public schools in said municipality; and the custodian of its books, funds, etc., found another in the office of superintendent who so continued.

**632**

School Code of 1927, p. 21; Act of August 11, 1927, Regular Session School Code, p. 19. That is to say, by the adoption and becoming effective of the School Code of 1927, the city board of education of Haleyville was abolished by fixing the population of a town that may have a separate board of education at 2,500 instead of 1,000 population, as was fixed in section 1355 of the Code of 1907. See School Code of 1927, § 188. The act of 1919, pp. 567, 595, art. 8, § 1, had the effect of abolishing the city board of education for Haleyville (sections 153, 154, School Code of 1924), and thereafter said board was acting as a de facto board of education when it contracted with and relieved appellant Dunlap from the superintendence of city schools.

Under the School Code of 1927 (section 188 requiring a population of 2,500 or more inhabitants according to federal census, and the city of Haleyville not having such population), the county board of education assumed its duties in the premises, caring for the superintendence of public schools for said city. This was October 1, 1927. The appellant had made his contract with, and was relieved by, the city board after it had been abolished by law and before the School Code of 1927 became effective. The suit was against the latter board and its members for a breach of contract. The county board and each member duly assigned demurrers challenging the right of procedure against them.

Be it understood that the terms and incumbency of the city superintendent of schools and that of county superintendent of schools are different. McMurray v. County Board of Education, 216 Ala. 144, 112 So. 644; Petree v. McMurray, 210 Ala. 639, 98 So. 782. The county board of education or its members are not liable for the alleged breach of contract by the de facto city board. If this question had been answered in the affirmative, there is yet another reason why this plaintiff cannot recover; his term and incumbency are not so protected against removal. It was provided by section 182, School Code of 1924, that the city board of education had the right of removal of a superintendent for stated causes, or "when, in the opinion of the board, the best interests of the schools require it." Gen. Acts 1919, pp. 567, 600, art. 9, § 1. And, had the suit been against the contracting party, the necessary and required allegation would have been that this discretion granted the board was not exercised in good faith or corruptly used, or exercised. The exercise of honest judgment, though erroneous, is not the abuse of discretion. State ex rel. King v. County Board, 214 Ala. 621, 108 So. 588.

The individual members of the county board are also made defendants, and challenge the maintenance of the action by appropriate demurrer. They merely hold an elec-tive office, to which the Legislature adds certain duties formerly attached to, and required of, the discharge by other offices. This did not render such succeeding officer liable individually for the misconduct of the preceding officer. The court properly sustained demurrers of all party defendants, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.