139 So. 431

STATE ex rel. AUSTIN v. BLACK.

4 Div. 589.

Supreme Court of Alabama.

Jan. 21, 1932.

202

A. A. Smith, of Hartford, and Sollie & Sollie, of Ozark, for appellee.

E. C. Boswell and W. O. Mulkey, both of Geneva, for appellant.

## THOMAS, J.

The suit is quo warranto to test the right to office of the county superintendent of education. And this presents for decision, the validity of the recent Act of the Legislature approved February 5, 1931 (Loc. Laws 1931, p 5) and exhibited, and its effect upon the alleged previous appointment of petitioner as superintendent by the county board.

The demurrer to the amended information was sustained and nonsuit was taken, review of said rulings sought of the final judgment against the state and relator as plaintiffs, and judgment in behalf of the respondent against the relator Austin and the sureties on his bond for costs.

The status of an incumbent in the office of county superintendent of education has been considered by this court, as affecting his removal therefrom, in Petree v. McMurray, 210 Ala. 639, 98 So. 782; and the change of his compensation during the term in McMurray v. County Board of Education, 216 Ala. 144, 112 So. 644. Neither of these questions is now presented. Appellant does not insist that the act in question is in conflict with section 175 or section 281 of the Constitution. It is upon the validity of the act of 1931 that the decision rests.

It has been frequently announced that the court presumes such act of the Legislature is constitutional, unless it appears to the contrary beyond a reasonable doubt, when the whole statute is looked to for its meaning and under the existing law. Sadler v. Langham, 34 Ala. 311; Quartlebaum v. State, 79 Ala. 1; State ex rel. Wilkinson v. Lane, 181 Ala. 646, 651, 62 So. 31; Smith v. Stiles, Probate Judge, 195 Ala. 107, 110, 70 So. 905; Board of Revenue v. McDanal, 213 Ala. 349, 105 So. 191.

When the act in question was passed, the county superintendents of education were appointed by the county boards of education, and took office on the next succeeding July 1st (School Code 1927, § 138) for a term of two to four years, as was determined and fixed by the board. And section 89 of the School Code provided that members of the county board of education be elected at general elections and for a term of six years. The general statutes provided for the election of county officials (sections 414, 417, Code) at general elections to be held on the first Tuesday after the first Monday in November, 1908, and every fourth year thereafter. That is to say, we have general and quasi general elections on the first Tuesday after the first Monday in November, and that the instant election was held under the provisions for the general elections in November of that year, and of the Act of February 5, 1931. Local Laws, p. 5.

Counsel for appellant make no point on the sufficiency of the notice given of the proposed local law to be presented to the Legislature pursuant to the terms of section 106 of the Constitution, but insist there was an essential and material departure (in substance) from such notice by the enactment that was passed. The question of a departure vel non by the act from the notice given is held to be for the court. Wallace v. Board of Revenue of Jefferson County, 140 Ala. 491, 37 So. 321; Jacobs v. State, 144 Ala. 98, 40 So. 572.

It is declared that the Legislature has the power to change and form the details of local legislation as not to depart from its essential and material substance, as declared in the notice. First National Bank v. Smith, 217 Ala. 482, 485, 117 So. 38; State v. Allen, 219 Ala. 590, 123 So. 36; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839.

When the act is considered with the notice given, we are not of opinion that there was a departure in substance, by the act from the notice given, (1) as to the term of office, or (2) in designation of the agency and official to call the election and give the notice, or (3) as to the provision for defraying the expense of such special election "out of the general funds of said County," as is provided in the appropriation statutes for special elections. Sections 403, 412, 509, 522, 529, 535, 541, 609, 617 and 684, Code of 1928.

The expenses provided for and as incident to holding the election (providing for the payment thereof in the act) were not such departure from the published notice given in essential, material, and substantial effect and result as was the departure from the notice. In Roper v. State ex rel. Day, 210 Ala. 440, 98 So. 286, the whole road building scheme and expenditures therefor were out of the county treasury.

■ It may be well to advert to the term of office fixed in the act and to say that it is quadrennial in the sense that after expiration of the first term as provided that the term is for four years, unless removed for good cause. The last-named provision was not a departure in material substance in contemplation of the provisions of the Constitution as to notice required for the introduction of a local bill, and from the notice that was given. It was not the change of the term of office or that of the first or present incumbent therein from four years as indicated by the notice; it was for four years in the act, and not that for eight years, as is suggested by counsel.

■ The reasonable interpretation of the act and its legislative intent in the context and use of the words, "who shall *assume* the duties of his office *July 1, 1931*, and shall hold office until his successor is elected and qualified, at the General Election to be held, on the *Second Tuesday in November 1934*, at which time his successor in office shall be elected \* \* \* *for a term of four years, unless removed for good cause*, nominations for this office shall be made in the Primary Elections as provided for the other County offices," (Italics supplied) meant at the election to be held in November, 1934; the words "Second Tuesday" employed are self-correcting, and mean at the general election held on Tuesday after the first Monday in November; the time prescribed for the holding of general elections throughout the State. Code, § 413, et seq.

The whole tenor of the act was for a four-year term of the office and the incumbent in that office, "unless removed for good cause," and according to the varying calendar. Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 So. 989; State ex rel. Covington v. Thompson, 142 Ala. 98, 38 So. 679. This last provision, under the law, had a definite meaning and procedure for and to such removal under the Constitution. Petree v. McMurray, 210 Ala. 639, 98 So. 782.

It is further insisted that under the averments of the petition, that under the provisions of the act no definite notice of the election was provided and given. As to this it is averred in the petition:

"(b) That following the approval of said act, that P. C. Black, Judge of Probate, Geneva County, Alabama, called the election provided for therein, and that such election was held on Tuesday, April 21st, 1931, at which election the said M. L. Black received the highest number of votes for said office, and that on April 24th, 1931, the Election Board of the County of Geneva, to-wit,—the Sheriff, Clerk of Circuit Court and Judge of Probate, canvassed the returns and declared M. L. Black duly, regularly and legally elected.

"(c) That on the 28th of May, 1931, the said M. L. Black executed bond in the sum of $2,000.00 payable and conditioned as required by law, in case of County Superintendent of Education, which bond was duly approved:

"(d) That on the 1st of July, 1931, the said M. L. Black took the oath of office as County Superintendent of Education, and the duelling oath:"

The provision for the call that is made by the act is "That immediately after the passage of this Act, a special election shall be called, by the Probate Judge of Geneva County, and held in Geneva County, Alabama, the expenses thereof to be paid out of the General Funds of said County for the purpose of electing a County Superintendent of Education for said County, by the qualified electors thereof," etc.

The failure of the act to provide the details or procedure of the holding, the canvassing of returns, and declaration of the result thereof, is supplied and found in article 20, chapter 19, § 529, et seq. of the Code, as we shall show later.

The provision in the act that the special election shall be called immediately after the passage and approval of the same did not prevent other provisions of the statute from having application when due call for the special election was made and published by the judge of probate and pursuant to the act to the electorate to be affected.

■■ The amended information assails the act as being violative of section 190 of the Constitution, as to regulation and government of election laws throughout the state, and as to providing for the manner of holding elections, and of the ascertainment of the result of the same. While uniformity is demanded, the lack of uniformity that is not more than a mere irregularity as relating to a special election, and which does not prevent a fair and unrestricted expression of electoral franchise under the legislation in question, does not render it void. Lovejoy v. Beeson, 121 Ala. 605, 25 So. 599; Garrett v. Cuninghame, 211 Ala. 439, 100 So. 845. The calling of the election and the fixing of the day for holding such special election (not for passing on a constitutional amendment) is not the equivalent of "the manner of holding [such] elections" and of "ascertaining the result of the same" that is required to be uniform. Section 190, Constitution; State v. Adams, 2 Stew. 231, 242.

The added words to section 190, Constitution of 1901, "shall provide by law for the manner of holding elections and of ascertaining the result of the same," to the provisions of the former Constitution were in the nature of a constitutional definition or limitation upon the general provisions contained in section 5, article 8 of the Consti-

tution of 1875. And thus were the words "regulate and govern" defined by the makers of the Constitution as to the matter of substantive requirements for uniformity. State ex rel. Porter v. Crook, Judge, etc., 126 Ala. 600, 28 So. 745.

We are of opinion that the calling of the election in question, and the fixing of the day for holding such an election by the judge of probate, is not the exact or "substantive equivalent" of the manner of holding that election. That is, that the provisions in the local law that the judge of probate shall call and designate the day for the holding of the special election for county superintendent of education were not in violation of the provisions for uniformity contained in section 190 of the Constitution of 1901 or of section 105 of the Constitution.

The act provided for a special election at the call and designation of the judge of probate; the general statutes (§§ 361–600, Code) provided and prescribed the necessary details of the canvassing of returns, declaration, certifying results, and for contests (article 20, chapter 19, §§ 529 to 533, inclusive, Code); and thus the machinery and agency were complete for expression of the will of the electorate. And subdivision 5, § 529, Code, contains the provision for special elections "in such other cases as are or may be provided for" by other provisions of that statute; and the words, "unless otherwise expressly provided," in section 535 of the Code, presupposed the right of the Legislature to so otherwise provide for the call and conduct of special elections, than by the call *by the Governor,* as made the subject of sections 530, 531 of the Code.

Since no constitutional provision prescribes or prohibits the *manner of calling and notice of the holding of special elections* (not held under section 284 of the Constitution for amendment of the Constitution; Johnson v. Craft, 205 Ala. 386, 87 So. 375, and this is not such an election), that manner of calling and notice thereof, etc., were within legislative competency to provide, as was done in this act, though not in the form of the uniform general law. State ex rel. Porter v. Crook, Judge, etc., supra.

Since the provisions in the act for call and designation of the day by the judge of probate are in conflict with the provisions of general law in sections 530, 531, which provide for special elections to be held "on such day as the governor may direct," there is, as to the instant special election, a field of operation for section 8 of the act providing "That all laws and parts of laws in conflict with the provisions of this act be and are hereby repealed." It was merely to take this election from the influence of the general law as to the official by whom the call was to be made. The provisions of said act as to the call and designation of the day or notice were the rules of law under which this special election was to be called by the probate judge, and under which it was so called and duly held according to the provisions and agencies of the statutes that have application; those of the local law, and general statutes section 529, et seq. having application.

We are therefore of opinion and so hold that the act in question is not offensive to sections 45, 96, 105, and 106 of the Constitution, nor to subdivision 24 of section 104 of the Constitution of 1901.

The local act is not obnoxious to the provisions of the Constitution in that there is a field of operation as to its relation to the provisions of the other statutes that are indicated in the act as being applicable. This and the other statutes having application are original in form, intelligible and complete; and the other provisions of the general law that are treated as incorporated into the act and form a part thereof are likewise original and complete. That is, this and the other statutes having application are separate, distinct, and coexistent legislative enactments with their own appropriate sphere of action, "and the alteration, change, or repeal of the one does not operate upon or affect the other." Phœnix Assurance Co. of London v. Fire Dept. of City of Montgomery, 117 Ala. 631, 23 So. 843, 847, 42 L. R. A. 468; State v. Burchfield, 218 Ala. 8, 117 So. 483, and authorities; State ex rel. Harmon v. Murphy, 211 Ala. 663, 101 So. 465; Byrd v. State ex rel. Colquett, 212 Ala. 266, 270, 102 So. 223; Bracely v. Noble, 201 Ala. 74, 77 So. 368; Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29; Savage v. Wallace, 165 Ala. 572, 575, 51 So. 605; Beason v. Shaw, 148 Ala. 544, 42 So. 611, 18 L. R. A. (N. S.) 566; such are the references in the instant act to the statutes for holding such elections.

We find no error in the ruling of the lower court, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.