BRADLEY, Judge.
This case arises from the payment to former Talladega County Probate Judge G. Kyser Leonard of $3,124.00 for unused vacations accumulated during his term of office.
Leonard took office on January 18, 1971 for a six year term as Probate Judge of Talladega County. Approximately thirty-three days before his term was up he retired because of a disability. The date of retirement was December 15, 1976. Before Leonard left office he paid himself $3,125.00, less $55.35 for social security, as payment for two and one-half months’ unused vacations for the years 1972 through 1976. This was for two weeks’ paid vacation for a five year period which Leonard said he had not taken. Leonard said this payment was made with the knowledge of the county commission and without any objection by them.
On February 3, 1978 the State of Alabama and Talladega County filed a summons and complaint seeking the repayment of the $3,125.00 plus interest and costs. The complaint also demanded judgment from United States Fidelity and Guaranty Company, as the surety for Leonard’s performance bond.
After various motions, Leonard filed his answer on May 1, 1979 denying every allegation of the complaint.
On October 3, 1979 the State of Alabama served Leonard’s lawyer with plaintiff’s request for admissions from G. Kyser Leonard. On October 18, 1979 the State of Alabama also served United States Fidelity and Guaranty Company with plaintiff’s request for admissions.
Neither party answered these requests for admissions within the thirty day time limit set out in Rule 36(a) of the Alabama Rules of Civil Procedure. On November 15, 1979 after Leonard failed to reply to the request for admissions, the State of Alabama filed with the court a motion, and affidavit in support of the motion, that the request for admissions be deemed admitted pursuant to Rule 36(a). On November 19, 1979 the court issued an order holding the request for admissions admitted.
On February 22, 1980, after the United States Fidelity and Guaranty Company failed to reply to the request for admissions, the State of Alabama filed a motion and a supporting affidavit that the request for admissions be deemed admitted pursuant to Rule 36(a). On February 25, 1980 the court ordered the request for admissions deemed admitted.
In summary, what the admissions consisted of were as follows:
1. Admit that Probate Judge Leonard retired on December 15, 1976.
2. Admit that Act No. 1002, Acts of Alabama 1969, fixed the salary for Probate Judge Leonard of Talladega County at $15,000,
3. Admit that Leonard began receiving a salary on January 18, 1971 and stopped receiving a salary on December 15, 1976.
4. Admit that the check for $3,069.65 ($3,125.00 less $55.35 for social security) was for unused vacation time and that Leonard signed the check and received the proceeds.
5. Admit that the Office of Probate Judge of Talladega County during the years 1971 through 1976 did not have a policy of vacations.
6. Admit that Leonard did not have prior approval of the county commission to pay himself for two and one-half months’ vacation.
*854 7. Admit that there was not a policy or resolution whereby a probate judge in Talladega County during 1971 through 1976 could be paid for vacation time allegedly not taken.
8. Admit that no Talladega County employees received pay for unused vacation time from January 18, 1971 through December 15, 1976.
9. Admit Leonard knew his salary was limited to $15,000.00.
10. Admit Leonard was wrongfully paid for unused vacation time to which he was not legally entitled by law.
11. Admit Leonard has not repaid the $3,125.00 as demanded by the Department of Examiners of Public Accounts.
12. Admit that Leonard is covered by a $50,000 bond as probate judge and a $3,000 bond as chairman of the county commission, both bonds with the United States Fidelity and Guaranty Company of Baltimore, Maryland and both bonds are in full force and effect.
On December 27, 1979 the State of Alabama served Leonard’s counsel and counsel for United States Fidelity and Guaranty with a motion for summary judgment, along with supporting affidavits, pleadings, and admissions, pursuant to Rule 56 of the Alabama Rules of Civil Procedure.
The motion for summary judgment was heard on February 25, 1980. Leonard was the only witness at the hearing. Leonard’s testimony was essentially the same information which was contained in the request for admissions. On April 9, 1980 the court granted plaintiff’s motion for summary judgment. Judgment was given against Leonard in the sum of $3,125.00 together with interest at six percent from December 15, 1976 in the amount of $621.58 and for court costs in the amount of $48.00. Leonard appeals from the granting of the summary judgment. We affirm.
The issue presented in the trial court was whether Leonard could be paid for unused vacation time for the period 1972 through 1976. However, on appeal Leonard admits that he cannot exceed his annual salary of $15,000.00 and therefore cannot recover for unused vacation time for years preceding 1976 and we agree. Morgan County v. Fidelity & Deposit Co., 200 Ala. 690, 77 So. 233 (1917); Act 1002, Acts of Alabama 1969.
Act 1002, Acts of Alabama 1969, provides in part:
Section 1. The following officers of any county having a population of not less than 65,000 nor more than 95,000 according to the most recent federal decennial census shall be entitled to compensation, payable out of the county treasury as follows:
(a) For the probate judge, a salary of $15,000 per annum;

Section 2. A. The salaries of the county officers as provided in Section 1 of this Act shall be the entire compensation received by any such officers for [their] services.
Leonard contends, however, that a probate judge, entitled by custom and practice to two weeks’ vacation per year, may retire two weeks early with pay as his vacation if he has had no vacation that year and does not exceed his annual salary limit of $15,-000.00. Leonard further contends that the trial court committed reversible error when it granted summary judgment because:
The effect of the trial court’s judgment was that there was not a scintilla of evidence to submit to a jury that Judge Leonard was entitled to a vacation in 1976 and as a matter of law, he was not entitled to a vacation.
The trial court in granting the motion for summary judgment did not say that Leonard was not entitled to a vacation in 1976. The trial court held as a matter of law that Leonard was not entitled to pay in lieu of a vacation in 1976. Such a construction of Act 1002 is fully applicable here because nowhere in the statute does it provide that a probate judge may receive a paid vacation, or pay in lieu of a vacation. In the absence of a provision granting such vacation pay, none will be implied. Persons accepting public office must look to the statute for express authority for compensa *855 tion. Mobile County v. Williams, 180 Ala. 639, 61 So. 963 (1913). 15A Ala. Digest Officers-Compensation §§ 93, 94. Where no pay for unused vacation time is provided for in the statute, none will be implied. Therefore, the trial court properly found that no material issue of fact existed and the State is entitled to a judgment as a matter of law pursuant to Rule 56(c) of the Alabama Rules of Civil Procedure.
This conclusion is bolstered by Leonard’s admission that he was paid a pro rata portion of his salary through December 15, 1976. This is the correct amount due Leonard since he admitted that he gave up his office on December 15, 1976. In Morgan County v. Fidelity & Deposit Co., supra, our supreme court stated that:
When official services are compensated by a fixed annual salary, and the term served includes a fraction of a year, the intendment is that such fraction shall be compensated pro rata.
Continuing in Morgan County the court said:
Whatever he has received or retained in excess of such amounts belongs to and is recoverable by the county .
It is clear from the evidence that Leonard left his office on December 15, 1976. On this date his services terminated and he was not entitled to any further compensation.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.